## E. O. ELLIOTT *v.* J. G. WYATT and others.

If a mortgagor and mortgagee join in conveying the mortgaged estate to a third person, the mortgagee is only entitled to receive out of the price the amount of the mortgage debt; and the fact that the parties separately or jointly agreed to sell to the third party, and took separate notes, does not alter the relation between them.

Whether, if the notes had been paid in full, would change the relation, *Quere ?*

This was a CIVIL ACTION, tried before *Furches, J.,* at Fall Term, 1875, of the Superior Court of CATAWBA county.

The suit was commenced at Fall Term, 1871, and the complaint is substantially as follows:

The plaintiff was, in 1859, the owner in fee simple of two adjoining tracts of land in Catawba county, containing about two hundred acres, and known as the White Sulphur Spring tract; the said springs and buildings being situated upon the land.

In 1859, he contracted to sell the land, springs and buildings to Horace Robards, the husband of E. J. Robards, one of the present defendants, and executed to him a bond conditioned for the execution of a deed upon the payment of the purchase money, and Robards executed his bond for the payment of the same.

About the year 1861, upon the failure of Robards to pay, the plaintiff agreed with him to rescind the contract, upon terms mutually satisfactory, and the respective bonds were surrendered and cancelled, and the plaintiff contracted to sell to Mrs. E. J. Robards, wife of said Horace, for the sum of ten thousand dollars, and executed to her a bond to make title when the purchase money should be paid, her husband being trustee.

The said Horace died in the year 1863, and after his death the defendant, E. J. Robards, in 1864, contracted to sell her

interest to the defendants, J. G. Wyatt and Thos. H. Wynne, composing a firm under the name of Thomas H. Wynne & Co., they agreeing to pay for her interest the sum of ten thousand dollars; and on the 16th of January, 1865, they agreed, in writing, to take her contract with the plaintiff, and pay to him the purchase money which she had agreed to pay, and to make to him a bond on a credit of five years to pay the same in gold, which, with the interest for five years, amounted to ten thousand and nine hundred dollars. The plaintiff and the defendant, E. J. Robards, mutually agreed to have the land sold under a decree of a court of equity, so as to conclude their respective titles; and Wyatt and Wynne agreed, in writing, to buy the plaintiff's title at the said sum in gold, on a credit of five years, and E. J. Robard's title at the sum of ten thousand dollars in currency. In pursuance of said agreement the plaintiff and the defendant, E. J. Robards, joined in a petition to the court of equity for Catawba county for a sale of the said springs and land; and at Spring Term, 1865, a decree was made to sell the land, in pursuance of which the Clerk and Master sold the same on the 20th day of June, 1865, when the land was bid off for or by the defendants, Thomas H. Wynne and J. G. Wyatt, who gave their bond to pay the plaintiff, on the 20th day of June, 1870, ten thousand nine hundred dollars in gold, and also gave bond to pay the defendant, E. J. Robards, ten thousand dollars in currency, which sale was confirmed by the court at Spring Term, 1866, and no order for collection or to make title was afterwards made. The bonds were left in the hands of the Clerk and Master.

That this agreement was in writing, and that the agreement in writing and the petition and decree in equity, the sale and confirmation and the execution to the plaintiff and the defendant, E. J. Robards, of the bonds for the purchase money, together constitute a contract between the plaintiff and the defendants Wyatt and Wynne.

The defendants Wyatt and Wynne, under their contract with the defendant E. J. Robards, took possession of the land and springs, and after the purchase at the sale of the Clerk and Master, they continued in possession and used and occupied the land and springs with great profit to themselves, and in August, 1868, the defendant Wynne sold and by deed conveyed to the defendant Wyatt, his interest in the land and springs, for the sum of six thousand dollars, Wyatt undertaking to pay the debt for the land and springs; and to secure Wynne, Wyatt made a deed purporting to convey the whole of said land and springs to the defendant McCarthy, in trust for the benefit of Wynne, and the defendant Wyatt has been in the sole possession of the land and springs since August, 1868, making therefrom great profits. That the deed of trust above mentioned is fraudulent as to the plaintiff.

That the report of the Clerk and Master states, that at the sale the lands were bid off by Wynne, but that the plaintiff alleges that the purchase was in fact for both Wyatt and Wynne.

That the defendants Wynne (who is insolvent) and McCarthy are not residents of this State, but reside in Virginia, and that the defendant Wyatt is notoriously insolvent.

That the plaintiff's bond became due in 1870, and no part of it has ever been paid, but that suit was brought upon it and judgment given against the defendants Wyatt and Wynne, at Spring Term, 1871, of Catawba Superior Court, and that he has issued an execution which has been levied upon some personal property of small value, in the possession of the defendant Wyatt, but claimed now by the defendant McCarthy, the sale of which, by an arrangement between the plaintiff and the defendant Wyatt, has been for a time postponed, and plaintiff offers to account for whatever he may actually realize therefrom.

The defendant E. J. Robards has a judgment of the same date as that of the plaintiff, and claims to be paid out of said

lands in the character of second mortgagee, the plaintiff being
the first mortgagee, and that the defendant McCarthy claims,
by virtue of the deed from the defendant Wynne, to hold a
third mortgage ; and the plaintiff is advised that a sale of said
land and springs, and the interest of the plaintiff · and of all
the defendants therein is necessary to give a good title to any
purchaser and conclude the several equitable and legal rights
of the parties.

The complaint demanded that the defendants be decreed to
specifically perform their contract with him, by paying to him
the purchase money and interest, and after paying to the de-
fendant Robards her claim, accept a deed from the clerk of
the court, or some commissioner to be appointed by the court.
Or that the court decree a sale of the lands by a commissioner
to be named by the court, who shall sell and convey all the
right, title and interest of the plaintiff and each and all of the
defendants therein, on such terms as to the court may seem
proper, and apply the proceeds of the sale :

1. To pay off the plaintiff, the purchase money for the legal
estate in the lands.

2. To pay the defendant Robards, the owner of the equity
sold by her.

3. The surplus to the defendants, or each of them, as the
court may direct.

The several deeds and contracts mentioned were annexed to
the complaint as a part thereof, also the petition to the Court
of Equity, but it is deemed unnecessary for the same to be set
forth in this statement.

The defendant J. G. Wyatt demurred to the complaint and
for cause of demurrer alleged :

1. That the court has no jurisdiction of the action, because
the plaintiff has a full and complete remedy by motion in the
cause pending of E. O. Elliott and E. Roberts, *ex parte*, where
the court can make an order to relieve the plaintiff.

II. The defendant sets forth a copy of the deed of trust to

McCarthy, which was on record when the plaintiff filed his complaint, and demurs for multifariousness, as McCarthy has no interest in the real estate in controversy.

III. The defendant demurs because of the contract of Thos. H. Wynne & Co., with the plaintiff, he (the plaintiff) was to execute a deed to the defendant, when they executed the notes to the plaintiff, and the plaintiff was to receive a mortgage to secure the notes, whereas the plaintiff has never complied with the stipulation, though the defendants have executed the notes as stipulated by them. To sustain this construction the defendant files the receipt of the Clerk and Master, which states that he was to retain them until the defendants obtained title.

IV. That the plaintiff's judgments are void for want of jurisdiction. The remedy on them being by notice and motion in the cause pending, and because they were not to be delivered until the plaintiff executed a deed to the defendants.

The defendant, E. J. Robards, demurred to the complaint, and alleged for cause of demurrer:

That there is a suit now pending for the subject matter in controversy in which the plaintiff can have adequate relief by motion, to-wit: In the case of E. O. Elliott and E. J. Robards, *ex parte*, petition to sell land. Wherefore, she prays that she may be dismissed, &c.

The cause was continued until Spring Term, when the same came on to be heard upon the demurrers of the defendants Robards and Wyatt, and the following decree was made.

This action coming on to be heard upon the demurrer of the defendants, J. G. Wyatt and E. J. Robards, was tried at this term of the court upon the issues of law therein, on the agreement of counsel on both sides, and it appearing that the defendants, T. H. Wynne and Edward McCarthy, failed to answer:

It is decreed by the court, that the legal estate in the lands in the pleadings mentioned and described, is in the plaintiff, E. O. Elliott.

That the defendant, E. J. Robards, on the 16th day of August, 1861, contracted, in writing, with the plaintiff, to purchase the same. That afterwards, to-wit, in December, 1864, the defendants, J. G. Wyatt and T. H. Wynne, contracted, in writing, to purchase said land, and agreed to pay the plaintiff $10,900 in gold, with interest from the 1st of July, 1870, for the legal title, and the plaintiff is entitled to be paid by them in gold, or its equivalent in currency. That they agreed to pay to the defendant, E. J. Robards, the sum of $10,000 in currency, with interest from the 20th of June, 1865, for her equitable interest, and that she is entitled to be paid the same.

That the defendants, Wyatt and Wynne, have failed to comply with their contract, and to perform the same by paying said sums of money.

It is therefore considered, ordered and adjudged by the court that the demurrers are overruled, and it is ordered, adjudged and decreed, that the defendants, J. G. Wyatt and Thomas H. Wynne, do specifically perform their said contract and pay the said sums of money and interest on or before the first day of April, 1872; and it is further ordered, adjudged and decreed, that upon their failure so to do, that the said lands, buildings and springs, be sold absolutely, and that M. L. McCorkle, W. P. Caldwell and D. Schenck, are appointed commissioners to sell the same, after advertising in such newspapers as they may see proper, in the State or out of the State, for at least thirty days, at public auction, at the courthouse, in Newton, or such other place in the county of Catawba as they may select, upon the following terms, to-wit: One-fourth cash, one-fourth on a credit of six months, one-fourth on a credit of twelve months, and the last fourth on a credit of eighteen months, and that they take good notes and security for the purchase money. When the purchase money shall all be paid, they shall make a deed to the purchaser.

It is further ordered, adjudged and decreed, that the defendant, S. G. Wyatt, surrender possession of said lands, buildings

and springs to said commissioners or their agent, within ten. days after the sale thereof, and that the Clerk send a copy of this decree to his post office, and that the said sale be a final sale and conclusive and absolute, and that the purchaser have possession.

That this decree is, without prejudice, as to the rights between the plaintiff and the defendant, E. J. Robards, as to the disposition of the funds arising from said sale, and the same is. reserved until the coming in of the report of the sale, and the case is retained for further orders.

At Fall Term, 1872, the report of the commissioners having been filed and confirmed, the cause was referred to the Clerk of the Court to inquire and report the amount of the debt of the plaintiff against the defendant, Mrs. Robards, and of the other defendants, Wyatt and Wynne, and of the principal and interest, and of the debt due from Wynne & Wyatt to E. J. Robards.

The commissioners reported that they had sold the property for the sum of $10,700.00, and that E. O. Elliott became the purchaser.

At Fall Term, 1873, the report of the Clerk was filed, and. he reported to the following effect:

1. That Wyatt & Wynne are indebted to the plaintiff in the sum of $11,391.40 in specie, and interest on $10,900.00 from March 6th, 1871, until paid.

2. That Wyatt & Wynne are indebted to the defendant, Mrs. Robards, in the sum of $11,025, with interest on $10,000.00 from March 6th, 1871, until paid.

The Clerk's report was voluminous, and therefore not inserted. The plaintiff excepted to the report, in this: That he finds facts and makes conclusions not referred to him. It having been referred to him only to find the amount of the debt of the plaintiff to E. J. Robards and the amount of the debt of the plaintiff to Wyatt & Wynne, and only this, and

that the Clerk has exceeded his authority as given by the terms of the reference on the record.

The exceptions of the plaintiffs were sustained, and the report was set aside. A motion was then made for leave to file an amended answer; the motion was overruled, and the defendant, E. J. Robards, appealed.

At Fall Term, 1873, the following decree was made:

This action coming on for further orders, on the complaint, former decree, report of sale, confirmation of the same, and upon the report of the Clerk and the exceptions filed thereto, it is considered and adjudged that the exceptions to the report of the Clerk filed, be sustained, and that the report, as made, be set aside, and that it be reformed by striking out all except the amount of the debt from E. J. Robards to E. O. Elliott, to-wit, $11,391.80, and the amount of the debt from Wyatt and Wynne to E. J. Robards, to-wit, $11,025, which is due.

And it is considered and adjudged that the plaintiff, E. O. Elliott, is entitled to priority of payment out of the fund arising from the sale of the lands, in the complaint described, and that the funds arising from the sale, in the hands of the commissioners, after deducting the amount of the cost, and paying the cost, to be taxed by the Clerk, be applied by the commissioners to the payment of the debt due the plaintiff, Elliott, from the defendants, Wyatt and Wynne; and if there is a surplus after so doing, that they pay the same to the defendant, E. J. Robards, on the debt due her from the defendants, Wyatt and Wynne. From this judgment, an appeal was prayed and granted. (See 70 N. C. Rep., 181.)

At Fall Term, 1874, in accordance with the opinion of this court, the case was referred to the Clerk to ascertain how much was due Elliott from Mrs. Robards on the original purchase money. How much he had received and what is now due; and to report to that term of the court.

The Clerk filed his report in accordance with the order of reference, and the plaintiff filed exceptions thereto. The re-

port is substantially stated in the following decree, made at Fall Term, 1875.

The court is of the opinion that the plaintiff's action was based upon the original contract with the defendants, Robards, which enabled him to pursue the land as a security for debt. And that Wynne and Wyatt purchased the defendant's Robards' equity with the knowledge and consent of the plaintiff, and that whatever they paid the plaintiff or was realized from their property, should go towards the satisfying the defendant Robards' debt; and it being found by the report that the plaintiff received $2,042 by a sale of Wynne and Wyatt's property, which, together with the payment of $3,000 made by the defendant, Robards, and the $10,700 on the price paid for the land by the plaintiff, discharges the defendant Robards' debt, and leaves a surplus of $952 in the hands of the Clerk. The exceptions therefore, of the plaintiff are overruled and disallowed, and it is considered and adjudged by the court that the plaintiff surrender up the notes of the defendant Robards for cancellation, and that the Clerk of this court pay to the defendant, Robards, or her attorney, the sum of $952 less the cost of this action, this being surplus arising from the sale of the lands, mentioned in the pleadings, after satisfying the plaintiff's debt against the defendant, Robards.

And it is further ordered by the court, that upon the defendant (Robards) receiving said notes and the $920.00 less the cost of this action, which are to be paid out of the funds arising from the sale, the Clerk of this court make and execute to the plaintiff a deed, in fee simple, for said lands.

From this judgment the plaintiff appealed.

*Armfield*, *W. P. Caldwell* and *Johnstone Jones*, for the appellant.

*M. L. McCorkle*, contra.

RODMAN, J. The plaintiff held the legal estate as a security

for the unpaid part of the purchase money, and upon such payment in trust for the defendant, he was entitled to his debt and to nothing more. If the defendant alone had assigned her estate to Wyatt & Wynne, they could have compelled the plaintiff to convey to them on the payment of what defendant owed him. If Wyatt & Wynne had paid the defendant $20,000 for her estate, the whole excess over the unpaid purchase money would have been justly hers. If they had paid the plaintiff $20,000 they would have got the legal estate with a liability to convey to the defendant on payment of her debt. Everything they paid to the plaintiff beyond that debt would have been a sheer gratuity. The plaintiff was substantially a mortgagee, and can it be contended that if a mortgagee and mortgagor join in conveying the estate to a third person, the mortgagee is entitled to receive out of the price anything beyond the mortgage debt?

That the parties separately or jointly agreed to sell to Wyatt & Wynne, and took separate notes, did not alter the relations between them: though perhaps, if Wyatt & Wynne had paid their notes in full, it might have been different. The plaintiff never released the defendant from the note. The contract between them was never rescinded. The equity of the case is too plain to need discussion.

Judgment below affirmed. The defendant will recover her costs in this court.

Let this opinion be certified.

PER CURIAM.                          Judgment affirmed.