STATE, AT THE RELATION OF CONNER, Plaintiff in Error, *vs.* COOPER COUNTY COURT, Defendant in Error.

1. An order by a county court that a certain sum be paid to a party *as a gratuity,* is not a judicial, but an administrative act, and may be revoked at a subsequent term of the court.

## Error to Cooper Circuit Court.

This was a proceeding on mandamus by Conner against the county court of Cooper county, in order to compel that body to issue to him a warrant on the county treasury, to which, as he alleged, he was entitled.

At the February term of the Cooper county court, in the year 1850, the following order was made : " Ordered by the

court, that the sum of two hundred and fifty dollars be allowed James F. Conner, as extra for building a bridge across the Petite Saline creek, at Conner's mills; and that warrants be issued to said Conner for the same, as follows: one half at May term, 1850; one half at the May term, 1851."

In pursuance of this order, a warrant was issued for the first instalment, and it was paid. At the November term, 1850, the county court entered the following order: "Ordered by the court, that so much of an order made and entered of record by the court, at the February term of said court, 1850, appropriating the sum of two hundred and fifty dollars as an extra allowance to James F. Conner, for building a bridge across the Petite Saline creek, at Conner's mills, as directs a warrant to be drawn in favor of said Conner, for the sum of one hundred and twenty-five dollars, at the May term of this court, 1851, be and the same is hereby repealed." Conner, notwithstanding this last order, applied for a warrant under the first, which being refused, he applied to the Circuit Court for a conditional mandamus to the county court, requiring it to issue the warrant or to show cause to the contrary. To this writ, the county court made return, that no judgment was entered in favor of said Conner at the February term of said court, 1850, as is stated by said Conner in his petition for a mandamus; that, at that term of the court, an order was made that the sum of two hundred and fifty dollars be allowed said Conner, as "extra" for building a bridge across the Petite Saline creek, at said Conner's mills, in said county, and that warrants be issued in favor of said Conner, as was stated in said order; and that, prior to the time at which the second instalment became due and payable, the said order was repealed and revoked; that Conner, under a contract with the county, built the bridge referred to, and said work being done in pursuance to the contract, long before the making the said order, the contract price for building said bridge was fully paid and satisfied; that, at the time the said order of allowance was made, the county of Cooper was indebted to said Conner in no sum, and on no ac-

count whatever; but that the proceeding was an effort to make a voluntary donation, without any consideration, to the said Conner of the funds belonging to the said county; that said order of allowance was based alone on petitions from some of the inhabitants of the county, praying that an additional appropriation be made said Conner for building the bridge.

Upon the filing of this answer, a demurrer was entered to it, and upon a hearing, the answer was adjudged insufficient, and thereupon, a peremptory mandamus was awarded. From this judgment, a writ of error was sued out, and the cause was brought to this court.

*Hayden*, for plaintiff in error. The county court has no jurisdiction except that which is expressly granted by the statute. Every one claiming the benefit of its orders or decrees is bound to show affirmatively that they were within the pale of its jurisdiction. 19 J. R. 33. 15 ib. 141. 9 Cow. 229. 2 Mass. 213. The county court has no powers in reference to the subject matter of this suit, except those specified in sections one, four and five of the act concerning " counties," and in section fifteen of the act concerning " courts," (R. C. 1845.) It has no power *gratuitously* to bestow the money of the county either by way of " extra pay" or in any other way. Again, it transcended its jurisdiction (if it had any) in issuing *two* warrants instead of one. See section five of the act. Again, the previous settlement with Conner for the building of the bridge was final and conclusive. The court had no power to open it at a subsequent term.

*Leonard* and *Adams*, for defendant in error. 1. The whole authority for building county bridges and paying for them and for work done for the county, is vested in the county court, and the order of allowance made in favor of Conner, at the February term, 1850, of the Cooper county court, was completely within its jurisdiction, and was a final adjudication of the matter between Conner and Cooper county, which, after the lapse of that term, was beyond the control of the county court. 14 Mo. Rep. 83. R. C. 1845, title " bridges."

State *v.* Cooper County Court.

2. The subsequent order of the county court, revoking the allowance in favor of Conner, was a nullity. It was made without any notice to Conner, and the court could not have revoked or annulled its former order, even upon notice. 14 Mo. Rep. 83.

Scott, Judge, delivered the opinion of the court.

1. Our view of this case must depend, in a great measure, upon the light in which the county court is to be regarded, in its action upon the subject. If Conner is to be looked upon as one presenting a demand for services against the county for adjustment, and as having had it allowed, the conduct of the county court, in rescinding at a subsequent term the order making the allowance, can scarcely be sustained. But if, on the other hand, the sum for which the warrants were directed to be issued, was a mere gratuity, then it is conceived that the court had authority, at a subsequent term, to vacate the order directing a warrant to be issued, before it was actually done. It appears to us, that the transaction is to be regarded in this latter light. If there was a claim against the county, founded on a sufficient consideration, why was not an account made out and presented as in other cases? Why adopt the anomalous method of petitioning a judicial body to do justice? Why take a postponement of the payment to a far distant day without the allowance of interest? Nor is the consideration unimportant that the account for building the bridge had been settled and allowed. The order on its face shows that it was designed as a gratuity, independently of the facts set forth in the return to the mandamus, which were admitted.

The duties of the county court are various. Some of them are judicial; some are merely administrative. When a judicial act is done, its errors can only be corrected in the mode pointed out by law. It is not in the power of the court at a subsequent term to vacate or annul it. But if the county court, in its administrative capacity, does an act which should afterwards be deemed unwise, inexpedient or exceeding its authority,

State *v.* King.

it may at any time correct its course. Its powers, in such matters, may be assimilated to those of a legislative body. If a law should direct that a sum of money be given as a gratuity to an individual at a future day, the legislature, before that day arrives, may repeal that law. We are not defending the wisdom or propriety of such legislation, but merely expressing an opinion as to the abstract power of doing such an act. A county court has no authority to give away the funds entrusted to its management for the public benefit. If an order for such a purpose should be made, it is competent to rescind it at any time by a subsequent order.

The other judges concurring, the judgment will be reversed, and the cause remanded.