MARY GARDNER *et al.*

*v.*

ELIJAH C. EMERSON *et al.*

1. BILLS OF REVIEW — *their requisites.* In a bill of review, the former bill and the proceedings under it must be stated; the decree and the point in which the party exhibiting the bill of review conceives himself aggrieved by it; and the ground of law upon which he seeks to impeach it; or if it be brought on newly discovered evidence, the evidence must be stated.

2. In this case the bill of review was exhibited for error apparent, and a mere skeleton of the original bill was given. The name or style of the court in which the bill was filed, is not given, nor the State or county, nor in what court or where the decree was rendered. There is a reference in the bill to the proceedings of the court, which are prayed to be taken as a part of the bill of review, and also all the files in the suit are prayed to be so taken, but the bill does not state in what court those proceedings are to be found, nor are they made exhibits. The bill was held bad on demurrer. The whole record should have been incorporated in the bill, or appended to it as an exhibit.

3. SUBSEQUENT INCUMBRANCERS — *not affected by new contracts under a prior incumbrance.* A junior incumbrancer has a right to redeem from a prior mortgage, by paying the amount due according to its terms as recorded. As

against him, no new terms can be incorporated into the prior mortgage, no additional indebtedness can be secured by it.

4. So where the parties to the prior mortgage stipulated for the payment of a higher rate of interest on the mortgage debt, than was provided in the mortgage as recorded, while the contract might be binding upon the mortgagor personally, the excess of the interest agreed to be paid could not be made a lien upon the land to the prejudice of subsequent incumbrancers.

APPEAL from the Circuit Court of Knox county; the Hon. JOHN S. THOMPSON, Judge, presiding.

The opinion of the court contains a sufficient statement of the case.

Mr. H. M. WEAD, for the appellants.

Mr. T. G. FROST, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery in the Knox Circuit Court, brought by Elijah C. Emerson and others against Mary Gardner and Cornelius Runkle, to review a decree theretofore obtained by Mary Gardner against the complainants in a proceeding to foreclose a mortgage made by Richard Whiting to Joseph T. C. Carpenter, of which she claimed to be the assignee.

A general demurrer was put in to the bill which the court overruled, and ordered that the original decree should be vacated, and that the complainants have leave to answer the original bill; and that it be referred to the master in chancery to ascertain the amount due on the note and mortgage set forth in the original bill, and report the same, together with his mode of computation to the court; and it was further decreed, that the complainants in the bill of review, have leave to redeem the mortgaged premises by paying the amount found to be due, within three months from the date of confirming the master's report, or determining the amount due the complainant in the original foreclosure bill; and it was decreed that before the payment thereof, all the proceedings under the

original bill, subsequent to the decree for the sale of the mortgaged premises, including the sale, deed, and decree of confirmation, should be wholly vacated and set aside; and that the complainant in the original bill should, thereupon, release the mortgaged premises from the lien of the mortgage, and from all title, interest and claim derived thereunder.

From this decree Mary Gardner appeals to this court.

The appellants contend, that the bill of review is fatally defective, for the reason that it does not set forth and show, where, and by what court, the original decree was pronounced, or in what State or county it was passed; that the bill of review does not set forth the bill and decree in the original cause sought to be reviewed; in short, that it fails to set forth even the substance of the proceedings under the original bill, and which complainants allege were erroneous, so that no court can judicially know or determine where the original suit was tried, what decree was made in it, or by whom the decree was made.

This bill is filed upon error alleged to be apparent on the face of the decree; how necessary is it then, nay, indispensable, that the bill, which is the origin of the decree, should be, substantially at least, set forth in the bill of review. It cannot be determined, on inspection of the decree, that there is error on the face of it, unless it is known on what allegations and statements it was founded, and for these, the original bill must be seen and inspected, and to enable the court, in which the bill of review is filed, to do that, the bill and proceedings must be incorporated into the bill of review. The rule is stated in 3 Daniell's Ch. Pr. 1728, in which all text writers on this subject concur. Adam's Equity, 880; Story's Eq. Pl. § 420. It is this: In a bill of review, the former bill and the proceedings under it must be stated; the decree and the point in which the party exhibiting the bill of review conceives himself aggrieved by it; and the ground of law upon which he seeks to impeach it; or if it be brought on newly discovered evidence, the evidence must be stated.

This court, in the case of *Turner* v. *Berry*, 3 Gilm. 543, said:

"From the very nature of this proceeding, it is manifestly necessary to state all of the proceedings in the original cause, except the evidence on which the court found the facts on which it proceeded to render the decree." It is impossible to say from this bill, which is for error apparent, that such error exists, in the absence of the original bill and the proceedings under it.

We have carefully inspected this record, and find a mere skeleton of the original bill. The name or style of the court is not given in which the bill was filed, nor the State or county, nor in what court, or where the decree was rendered. There is a reference in the bill to the proceedings of the court, including the decree of sale, which the complainants pray may be taken as part of their bill, and also that all the files in the suit may be so taken, but the bill does not state in what court those proceedings are to be found. No exhibits are made of them, nor is it alleged they exist anywhere in any court in this State.

In a bill of review, the record of the decree to be reviewed is the record of the cause, and the whole record should, therefore, go with the bill. It is but reasonable to require a party asking a reversal of a decree to furnish to him in whose favor the decree stands a copy of the record, that he may readily defend; and, as the court, as we have said above, are to determine the questions made in the cause upon the record, it is indispensable that the whole record should be at hand, to be inspected, either by incorporating it in the bill or appending it as an exhibit. But, in another view, the necessity is apparent, since, by a reference merely, the papers do not become a part of the record in this cause, and they would not, of course, come to this court upon a writ of error or appeal. This court could not review decisions made on a bill of review without inspection of the record of the decree, and we could not command it unless fully set forth in the bill or made an exhibit.

In Story's Eq. Pl. § 407, it is said, for the purpose of examining all errors of law, the bill, answer and other proceedings are as much a part of the record before the court as the decree itself, for it is only by a comparison with the former that the correctness of the latter can be ascertained.

As the original bill and proceedings on it do not accompany this bill, and as it does not name the court or State or county in which they were had, the bill of review was open to a demurrer, and the demurrer should have been sustained, with leave to amend, by setting out the original bill and proceedings in the body of this bill, or appending them as an exhibit.

It is alleged in the bill of review, that the notes secured by the mortgage to Carpenter, bore only six per cent. interest, and that the court, in pronouncing its decree, allowed interest at the rate of ten per cent. per annum.

The bill of foreclosure alleged an agreement made by Whitney, on the first day of January, 1851, with Mary Gardner, the appellant, and then owner of the mortgage, and complainant in the bill of foreclosure, to pay ten per cent. interest from that date.

It is perfectly obvious, that if this agreement was entered into for a valuable consideration, and valid as against Whitney personally, it could not be made a lien on the land to the prejudice of subsequent incumbrancers. They had a right to redeem from this mortgage, by paying the amount due according to its terms as recorded. As against them, no new terms could be incorporated into the mortgage, no additional indebtedness could be secured by it. Yet such is the effect of the decree.

The subsequent incumbrancers, in order to secure their own debts, were required to pay more than was secured by the mortgage to Carpenter.

If these facts shall be found to appear by the record of that case, when it is properly before the court, by an amendment to this bill, it will be a fatal error, and ground for opening the decree.

We have disposed of this question now, as the point has been made and argued, and the expression of our opinion upon it, may save parties the expense of returning again to this court.

We do not deem it necessary to consider the other points made.

For the reasons given, the decree will be reversed, and the cause remanded.

*Decree reversed.*