POPE & CO. v. J. B. HARRIS and others.

*Exoneration—Homestead—Marshalling—Trust—Equity.*

1. Where one creditor is secured by a lien upon two funds, and another by a lien upon only one of them, the former will be compelled to exhaust the subject of his exclusive lien before he can resort to the other.

2. The equity to have the securities embraced in a trust for the benefit of creditors of different classes, marshalled and appropriated in exoneration of the liens of the less preferred class is an equity against the *debtor*, and not against the doubly secured creditor.

3. The right of the debtor to a homestead is superior to that of all creditors except so far as it may be impaired by the voluntary act of the claimant.

(*Harris* v. *Ross*, 4 Jones, 413; *Williams* v. *Washington*, 1 Dev. Eq., 137, and *Butler* v. *Stainback*, 87 N. C., 216, cited and approved).

This was a CIVIL ACTION heard upon exception to the report of the Clerk before *Phillips, Judge*, at the Spring Term, 1885, of CHATHAM Superior Court.

At the Fall Term, 1884, of said Court, a judgment was rendered in favor of the plaintiff against the defendant, John B. Harris, for the sum of three hundred and four dollars and thirty cents.

A reference was then ordered by the Court, to the Clerk, to take an account of the property, money and effects that have come or ought to have come into the hands of H. A. London, trustee of J. B. Harris, by virtue of a deed of trust executed to him by said Harris on the 16th day of May, 1883, for the use and benefit of the creditors of said Harris, as contained in said deed; and report to the next term of the Court. It was further ordered that he report, whether the said trustee had collected, taken into his possession, and applied in due course of administration all the property and effects conveyed to him, as aforesaid, and if not, what part and how much of the money remained unexpended in the hands of the said trustee, and what is the character and nature of the said property and effects.

At Spring Term, 1885, the Clerk made his report, which

shows that prior to the date of the execution of the deed of trust, the defendant John B. Harris, and his wife, had given three several mortgages on two tracts of land situate in the county of Chatham, on Landren's creek, containing about three hundred acres; one to Jesse Richardson to secure a debt of $800, due July 17th, 1883, with interest; another to S. T. Womble to secure a debt for $325 due 1st January—with interest at eight per cent.; and a third mortgage to B. Y. White to secure a debt for the sum of $800 with interest at eight per cent. from the 24th day of May, 1882. The aggregate sum secured by these mortgages amounted to $2,038.75, and there was no reservation of the homestead in either of these mortgages.

After the execution of the mortgages, to-wit, on the 16th day of May, 1883, the defendant John B. Harris executed to H. A. London, a deed of trust conveying to him all of his personal and real estate, including the land conveyed in the mortgages, for the benefit of his creditors, excepting his homestead and personal property exemptions. The creditors secured were provided for in two classes. Those mentioned in the mortgage deeds, and some others, constituted the first class. The trustee sold all the property, except two hundred and fifty acres, the land conveyed in the mortgages, which was allotted to the defendant as his homestead by proceedings had by the sheriff under an execution which was issued to him, upon a judgment rendered in favor of Bynum Manufacturing Company against Harris, after the execution of the deed of trust.

And after allowing to the defendant his personal property exemption of five hundred dollars, he applied the proceeds of the sales to the payment of the debts in the class of preferred creditors, in which were included the mortgagees, and that the amount paid to the mortgage creditors was $456.65 more than the value of all the real estate of the defendant Harris sold by the trustee, and the assessed value of the homestead as assigned to him. In other words, the trustee applied the proceeds of the sales of the real estate and the personal property conveyed in the

deed of trust to the extinguishment of the debts secured in the mortgages, in exoneration of the defendant's homestead, and the amount thus paid on the debts secured in the mortgages was $456.15 more than the value of all the real estate of the defendant, including the land conveyed in the mortgages, which was allotted to the defendant for his homestead.

The plaintiff excepted to the report of the clerk, for that he had not charged the trustee with the value of the two hundred and fifty acres allotted to the defendant as his homestead.

His Honor overruled the exception, confirmed the report and discharged the trustee from further performing of the trust, and the plaintiff appealed therefrom.

*Mr. J. H. Headen,* for the plaintiff.
*Mr. John Manning,* for the defendant.

ASHE, J. (after stating the case). The sole question presented for our consideration is, was there error in the overruling the exception of the plaintiff? The exception of the plaintiff is founded upon a well-established principle of equity, that where one has a lien upon two funds, and another a lien upon only one of them, the former will be compelled to exhaust the subject of his exclusive lien before he can be permitted to resort to the other, and then only for the purpose of making up the deficiency. *Harris* v. *Ross,* 4 Jones Eq., 413; *Williams* v. *Washington,* 1 Dev. Eq., 137; Adams Equity, 506, note 1.

This kind of equity is personal against the debtor, and is not binding on the paramount creditor, for no equity can be created against him by the fact that some one else has taken an imperfect security. But it is an equity against the debtor himself, that the accidental resort of the paramount creditor to the doubly-charged estate, and the consequent exhaustion of that security, shall not enable him to get back the second estate, discharged of both the debts. If, therefore, the paramount creditor resorts to the doubly-charged estate, the *puisne* creditor will be substituted to

his rights and will be satisfied out of the other fund, to the extent to which his own may be exhausted. Adams Eq., 507.

This is the equity which the plaintiff, by means of his exception, seeks to enforce against the defendant Harris. It is the equity of marshalling the securities. Adams Equity, 506–7. But the equity of marshalling the securities is subject to the superior equity of the debtor to have a homestead. This is an equity, or a right, secured to the debtor by the Constitution, and is "superior to all creditors, except so far as it may be impaired by the voluntary act of the claimant himself."

This principle is clearly announced in the very lucid opinion of RUFFIN, Judge, in the case of *Butler* v. *Stainback*, 87 N. C., 216, which is a case so similar in the facts to the case under consideration, that it is needless to cite any other authority bearing on the question, as the principle announced in that case is decisive of this. It was there expressly held, that the homestead of the debtor could not be defeated by invoking the equity of marshalling the fund.

In that case, like this, the debtors had given a mortgage on their real estate to secure a debt, without any reservation of their homestead rights, but afterwards executed to a trustee, a deed of trust conveying a considerable amount of personal property and effects to secure certain debts enumerated therein, among which was the debt secured in the mortgage, which, with some others, were provided to be preferred debts.

The plaintiff insisted that the lands conveyed in the mortgage should be sold, and the proceeds applied to the debts secured in the mortgage, and exhausted, before those creditors should be allowed to participate in the funds in the hands of the trustee.

The defendants, on the other hand, insisted that the funds in the hands of the trustee, should be applied ratably to all the preferred debts, including those secured in the mortgage which were in that class.

His Honor, in the Court below, sustained the contention of the plaintiffs, but his judgment was reversed in this Court.

Judge RUFFIN, speaking for this Court, said: "The deed of the 6th of February, 1882, (the deed of trust,) expressly provides that the debt due to Rountree & Co., (a debt secured by the mortgage,) shall share in the benefits of the trust with the other debts therein enumerated, as preferred. It matters not what motive prompted such a provision, the makers of the deed, who were the owners of the property conveyed, and therefore competent to dispose of it upon any terms not inconsistent with the policy of the law and the demands of good faith, have affixed to the trust this condition: that a ratable part of the fund raised thereunder should go to the debt of Rountree & Co. as a *pro tanto* exoneration of the land hitherto conveyed to them by mortgage. The plaintiffs while accepting the benefits of the trust, and seeking, as they are, to have benefits under it, cannot be permitted to object to the terms imposed."

In this case, both the plaintiffs in the action and the plaintiffs in the judgment and execution under which the homestead was laid off, were creditors in the second class of preferred creditors. And as in that case there was no lien upon the property when the trust was made, but the action under which the homestead was laid off was not instituted until after the execution of the trust. So there was no creditor at the time whose debt was defeated by the deed of trust.

We hold upon the authority of *Butler* v. *Stainback*, there was no error, and the judgment of the Superior Court is affirmed.

No error.                                    Affirmed.