W. H. BALLARD et als. v. W. T. WILLIAMS.

*Mortgage—Interest—Vendor and Vendee.*

1. The *status* of the mortgage relations, after the transfer of any interest by the mortgagor to a third party, cannot be changed to the detriment of the latter, without his consent.

2. So, the parties to a mortgage cannot stipulate for a higher rate of interest than that reserved by the mortgage, nor can they incorporate any additional debt into the mortgage, nor can they agree that arrears of interest should be converted into principal money, and bear interest, as against *puisne* encumbrancers, or other assignee of the equity of redemption.

3. In applying these rules, a vendor and vendee, when the purchase money, or a portion thereof, remains unpaid, will be regarded in the same light as a mortgagor and mortgagee.

CIVIL ACTION, tried before *Connor, Judge,* upon exceptions to the report of a referee, at Fall Term, 1885, of FRANKLIN Superior Court.

There was a judgment for the defendant, and the plaintiffs appealed.

The facts appear in the opinion.

*Mr. Jos. B. Batchelor,* for the plaintiffs.
*Mr. Charles M. Busbee,* for the defendant.

SMITH, C. J.   In the year 1852, W. O. Green executed a title
bond to N. G. Whitaker and Frank Whitaker, and therein cove-
nanted, on payment of the purchase money, to convey to them a
tract of land, containing about five hundred acres; and soon
after, the said Frank sold and released his interest, under the
contract, to his associate vendee.

Before 1857, the latter, who had gone into possession, paid a
large part of the purchase money, and during the interval, agreed
with defendant to sell to him a part of the tract, consisting of
about sixty-five acres, and on July 30th, of the year mentioned,
the purchase money being paid, made him a deed for said part,
which was registered on the 5th day of September following.

On June 1st, 1859, the balance due on the original contract
by N. G. Whitaker, inclusive of interest, was $1,131.35, and on
the same day, the vendor, W. O. Green, for that sum, conveyed
the entire land, subject to the vendee's equity, and for his bene-
fit, to W. W. Green, whereby the latter assumed the relations of
W. O. Green to the said N. G. Whitaker.

On May 2d, 1870, the last named being thus indebted, and
in renewal thereof, gave his two notes to said W. O. Green, one
in the sum of $2,000, the other in the sum of $653.77, each
bearing interest at the rate of eight *per cent. per annum,* the
consideration of which was the indebtedness then due for the
land, and the price of another tract then sold by Green to Whit-
aker.   Of this transaction the defendant had no notice.

W. O. Green afterwards died intestate, and his administrator,
under proper legal proceedings instituted against his heirs, sold
the original tract, except the portion bought by the defendant,
for the sum of $2,319.40, which is its fair value.   In January,
1882, the said Whitaker surrendered possession of the land, sold
by the administrator, to said W. W. Green, who and his heirs-
at-law have since received the rents and profits accruing from

ti. There was a reference and report, from which it appears that if the defendant's liability is measured by adding to the balance of the original purchase money, as due when the defendant contracted to buy and acquired his title, and simple interest thereon, the rents and profits will absorb the whole sum, and nothing remains due; while, as is contended, in the argument for the plaintiff, if he is chargeable with so much of the principal and interest as enters into the renewal notes, and interest thence on the combined amount, a considerable sum will be due upon the land. The referee disallowed interest on the enlarged sum, and charged it for the whole period upon the original ascertained balance of $1,131.35, and in this he is sustained by the Court, and from the judgment that the defendant go without day and recover his costs, the plaintiffs appeal. The substantial facts set out in detail, are found and declared by the Court, and while the record shows other exceptions to have been taken to rulings of the Judge, none have been pressed in the argument before us, except the claim to superadd the interest to the principal embodied in the two specified notes, and to make the aggregate an interest-bearing principal, for his ratable share of which, the defendant is sought to be held liable. We suppose these unurged exceptions are abandoned, and do not therefore consider them in disposing of the appeal.

We concur in the decision of the Court, that the indebtedness existing when the defendant bought his part, is the measure of his liability for his share of the purchase money due to Green, and that it was not increased by Whitaker's renewal and conversion of interest into principal, nor by his stipulation for a higher rate of interest, while the new contract may be obligatory on Whitaker himself. The authorities cited by defendant's counsel, are so full and directly in point, that we are relieved of further research, and can do little more than reproduce them.

"If a mortgage secure a specific sum," to quote the words of a recent author, "the parties cannot, by parol agreement, as against others who have acquired rights in the property, extend

the mortgage to cover other debts or further advances. Neither can the mortgagor, as against them, increase the charge upon the land, by confessing judgment, and thus compounding the interest. The mortgage being given to secure a certain debt, *is valid for that purpose only.*" 1 Jones on Mort., §357.

Again he remarks: "The parties to a mortgage, cannot, *as against subsequent parties in interest,* stipulate by an unrecorded agreement, *for a higher rate of interest* than that provided in the mortgage as recorded; nor can they, by such means, incorporate into the mortgage any additional indebtedness." *Ib.,* §361.

Another author uses this language: "Equity considers the arrear of interest so converted into principal, by agreement between the parties, in the light of a *further advance.* But inasmuch as a further loan made by a mortgagee after notice of a *puisne* incumbrance, is not allowed to be tacked, but must be postponed to that incumbrance, it follows, that a mortgagee *shall not be allowed to convert interest into principal,* as against a subsequent charge of which he had notice at the time of the agreement."— Coote on Mort., 431, 86 Law Lib.

These declarations of the law, not less applicable to the relations subsisting between vendor and vendee in this respect, are fully borne out in the adjudications.

In *Stoddard* v. *Hart,* 23 N. Y. (9 Smith), 556, it is held, that an agreement that a mortgage on land shall stand as a security for further advances, and an insertion of the advances in the secured bond, is not protected by the mortgage.

In *McGready* v. *McGready,* 17 Mo., 507, a note secured by mortgage was sued on, and judgment recovered, including the interest. This large sum then bore interest, and it was declared that owners of the equity of redemption, or vendees thereof, could redeem by paying the debt and interest as in the mortgage.

In *Largo* v. *Van Dorn,* 14 N. J. Eq., 208, Chancellor Green says: "It is not in the power of the mortgagee to revive the lien for the original amount, by refunding or returning the money paid, to the prejudice of a *bona fide* incumbrancer, whose incum-

brance is subsequent to the mortgage, but prior to the repayments."

Again, *Reese, J.,* delivering the opinion in *Gardner* v. *Emerson,* 40 Ill., 296, thus explains the law: "It is perfectly obvious, that if this agreement (that a note bearing five per cent. interest should thereafter bear ten) was entered into for a valuable consideration, and is valid against Whitney (the mortgagor), personally, it could not be made a lien on the land to the prejudice of subsequent incumbrancers. *They had a right to redeem from this mortgage, by paying the amount due, according to its terms as recorded.*"

To the like effect are *Lord* v. *Morris,* 18 Cal., 482, and *Lent* v. *Morrell,* 25 Cal., 492.

The doctrine thus established, and which commends itself to the approval of the judicial mind, is that the status of the mortgage relations, after the transfer of any interest of the mortgagor to an assignee, cannot be changed to the detriment of the latter, without his consent, and it must be upon principle, not less applicable to the relations of vendee and vendor.

The appellant's counsel, Mr. Batchelor, does not controvert the general proposition, but insists that the giving interest upon interest, after so long an interval, is an equity inherent in the contract, to the exercise of which the assignment is subject.

The authorities are the other way, and the exercise of the assumed right of the Court to allow such accumulated interest, involves the addition of a large sum to the incumbering debt, which did not exist at the time of the assignment.

We think this can no more be done, than can the rate of interest be increased to the defendant's injury.   There is no error.

No error.                                                    Affirmed.