W. R. BLAKE et al. v. J. M. BROUGHTON et al.

*Foreclosure of Mortgage — Evidence — Witnesses — Objection — Transfer of Mortgage — Charge — Conversations, when Competent — Corroboration — Question and Answer — Deed — Mortgage — Cancellation of Record — Warranty.*

1. Conversation between a witness and defendant—the plaintiff not being present—is competent as affecting the credibility or accuracy of the witness.

2. Objection should be made to the *question*—not to the *answer*—of a witness.

3. A mortgagor, whose bond and mortgage (made to secure it) was transferred by the mortgagor to other persons, testified that he never assented to the transfer, and did not know anything about it. The Court charged, that the mortgagor's assent to the transfer was not necessary, as he had parted with his interest: *Held,* that evidence, if incompetent, was harmless under such charge.

4. In an action to foreclose two mortgages, brought by the assignee of the mortgagee, both being executed by the same mortgagors, the defendants, who claimed title under conveyance from the mortgagors, allege as defence that the mortgages had been satisfied. In support of this, they offered evidence of conversations between one of the defendants and one of the mortgagors, the plaintiffs not being present. There was evidence of an agreement between the plaintiffs and the agent of one of the defendants, who was also purchaser of the interest of the mortgagors, to pay off the mortgages. There was a conflict of testimony between the plaintiffs and one of the defendants as to whether the mortgages were paid off, and as to their conversations on this subject: *Held,* (1) that the evidence offered was competent in corroboration; (2) the objection to the *answer,* and not to the *question,* even if valid, came too late, there being no motion to withdraw it from the jury.

5. Where the contents of a deed are admitted, without objection, the deed itself is competent.   At most, it works no harm of which the adverse party can complain.

6. When a mortgage debt has been discharged, the mortgage is no longer operative, though not marked "satisfied of record."

7. A defendant who has made conveyance of land to her co-defendants before suit commenced, with warranty of title and covenants of seizen, and against incumbrances, has a right to defend in an action to foreclose a mortgage embracing the land brought against such co-defendants.

This was a CIVIL ACTION, brought to foreclose two mortgages, set out in the complaint, tried before *MacRae, J*, at February Term, 1890, of the Superior Court of WAKE County.

The record, with the evidence sent therewith, is voluminous, but we reproduce only so much thereof as is necessary to a full and clear understanding of the questions presented for our consideration.

The allegation of the complaint, so far as material to this appeal are, in substance, that on the 15th day of May, 1884, D. H. Crawford and M. A. Crawford, his wife, executed a mortgage on certain real estate therein mentioned, to John Watson, guardian, etc., to secure the payment of a bond, executed on the same day, for $270; that on the 8th day of August, 1885, the said Crawford and wife executed a mortgage to B. F. Montague, on certain real estate mentioned therein, to secure the payment of a bond of $53.90, executed to the said Montague on the same day; that on the __ day of ____, the said Watson, guardian, etc, by endorsement, transferred the bond made to him to B. F. Montague, for value, without recourse; that on the 2d day of March, 1886, the said Montague, by endorsement, transferred both the said bonds, endorsed to him by the said Watson, and the bond made by Crawford and wife to himself, to the plaintiff, and neither of said bonds have been paid.   That on the 19th day of June, 1886, the said Crawford and wife sold and

conveyed their interest in the land and premises contained in both of said mortgages to the defendant Flora Ann Wicker, who thereafter sold and conveyed the same to the defendants J. M. Broughton and W. N. Jones; that the said Broughton and Jones are in the possession of the said lands and premises, collecting and appropriating the rents and profits to their own use; that the said Broughton is insolvent, and the said Jones is a man of small means, and they ask for the appointment of a receiver, etc., and that the said premises be sold, etc.

The defendants Broughton and Jones filed answers, but without bond, as required, and for want of answers there was a judgment by default against the defendants, other than Flora A. Wicker.

The defendant Flora A. Wicker answered, denying so much of the complaint as alleges that there were incumbrances (other than for State, county and city taxes mentioned) on said property at the time she sold and conveyed to the defendants Broughton and Jones, and she averred that said debts and incumbrances set out, as claimed by the plaintiff, were fully paid off and satisfied by one W. N. Andrews, before his death, and that the sale and conveyance made by her to the said Broughton and Jones was in fee-simple, and free and discharged from any incumbrances, except the taxes mentioned, and she asks judgment that the incumbrances set up by the plaintiff in his complaint be surrendered for cancellation, and for such other relief, etc.

At the February Term, 1890, the following issues were submitted by consent:

"1. Have the mortgages described in the complaint, or any part thereof, been satisfied? .

2. What amount, if any, is now due?"

There was evidence tending to show that the bonds had been discharged; that the plaintiff purchased of W. N. Andrews certain property mentioned in the pleadings, at the

price of $1,750; that Andrews purchased for the defendant Flora Ann Wicker the property in controversy, subject to the two mortgages, and that it was the agreement that the plaintiff Blake should pay off and discharge the mortgages out of the purchase-money of the property sold to him by Andrews, and that he did pay off and discharge the same at and in accordance with the request of said Andrews; that, afterwards, the said Blake loaned money to Andrews, and held the uncancelled bonds and mortgages as a security therefor.

There was evidence tending to controvert this, and to show that the mortgaged debts had not been paid off and discharged. It was admitted that the mortgages were never marked "satisfied" on the Register's books.

B. F. Montague testified for the plaintiff: "These notes were endorsed by me in my handwriting. I have no recollection about it, except that Andrews settled. These figures ($367.03) are mine. I suppose they represent the calculation of what is due. I was slightly acquainted with Mr. Andrews. The credit of $21 60 endorsed is in Watson's handwriting."

*Cross-examined*—"I remember Mr. Jones coming to my office, but don't recollect the time. I had some conversation with him about this matter. He asked me if I had my money. I told him I had. He asked me would I cancel the mortgage—that he had found it was unsatisfied. I told him I did not know that I would have any objection to cancel them. Some time afterwards—perhaps the same day—I saw Mr. Devereux, and he showed me this endorsement, which I had forgotten; then I declined to cancel."

The testimony of this witness, as to his conversation with defendant Jones, is objected to by plaintiff. Objection overruled, and plaintiff excepted. This was the first exception.

The presiding Judge told the jury that this testimony as to what Mr. Montague said could not bind the parties plaintiff, as it was not said in their presence; that it was only

admitted on cross-examination as affecting the credibility or accuracy of the witness.

Witness Montague further stated on cross-examination: "I don't recollect stating to Mr. Jones that these mortgages were paid and I would cancel them. I think Jones said he had purchased." The same objection and exception as before is made by plaintiff. Testimony admitted, with the same explanation to the jury. This was the second exception.

Witness further testified: "I don't recollect that Crawford assented or dissented to the transfer of these mortgages. I have many transactions, and don't recollect much about this one."

The plaintiff closes; defendants resume

D. H. Crawford testified that he was the mortgagor in the two mortgages; that he never assented to the transfer of the notes to W. R. Blake; that he did not know anything about it. (Plaintiff objects to the testimony. Objection overruled, and plaintiff excepts.) Third exception. Witness thinks that Mr. Jones came to him and asked him about these notes, and witness told him he thought they were all settled; witness did not know anything about it. When witness executed the deed to Flora Wicker, Mr. Montague told witness that the papers were all settled.

To all this testimony plaintiff objects. Objection overruled, and plaintiff excepts. Fourth exception.

The presiding Judge told the jury, as to this testimony, that Mr. Crawford's assent to the transfer of the notes was not necessary, as he had parted with his interest in the property.

*Cross-examined.*—Mr. Montague told witness he had his money and the papers were all fixed. The land belonged to witness' wife. Witness had sold his interest in it. The taxes were due on it when witness sold; $120, more or less. When Andrews bought the property he understood the taxes

were not paid. Witness sold the property to Andrews and wife, and made the deed to Flora A. Wicker by Andrews' direction.

*Re-direct.*—Witness signed these notes. Witness has children by his wife.

Defendant closes.

Plaintiff recalls Mr. Montague, who testifies: Witness does not recollect any conversation with Crawford; knows he was there; witness could not have told him the mortgages were settled because the transfer was fresh in witness' mind; he did not object to the transfer of the notes; he was right there.

*Cross-examined.*—Blake was not there. Andrews, Crawford and witness were all that were present.

Defendant offered a deed, W. N. Andrews and others to W. R. Blake, for the Cabarrus street property.

Plaintiff objects. Objection overruled. Plaintiff excepts. Fifth exception.

Also, defendants offered a deed, Crawford and wife to Flora A. Wicker.

Plaintiff closes.

The presiding Judge instructed the jury, in response to defendants' prayers—

"1. If Blake, for a valuable consideration, contracted with Andrews to pay the mortgages set out in the complaint, and, in pursuance of said contract, paid the mortgages and had them assigned to him, such assignment of the mortgages, or the debts therein described, would operate as a discharge, and the plaintiff would not be entitled to recover."

Plaintiff excepted. Sixth exception.

"2. If the plaintiff Blake, at the time the mortgages were assigned to him, had in hand money belonging to W. N. Andrews, which he had agreed to apply to the mortgages, and, in pursuance of such agreement, he paid the mortgages

107—15

and they were assigned to him, such assignment would be a discharge."

Plaintiff excepted. Seventh exception.

The presiding Judge further charged the Jury: "The question is, whether the mortgages were paid. Did Blake agree to pay off the mortgages and give Andrews the money to pay them, and did Andrews go and pay off the debts to Montague? If this was the transaction, the mortgages have been satisfied, and, if satisfied, they could not revive the mortgages by any subsequent agreement."

Plaintiff excepted. Eighth exception.

"But if it was a distinct transaction between Andrews and Blake, by which Blake advanced money, $367.03, to Andrews, and to secure the payment of the money so advanced, Andrews had the notes and mortgages assigned to Blake, it was not a payment and satisfaction of the mortgage, and they should answer No."

Plaintiff excepted. Ninth exception.

Plaintiff filed the following exceptions in writing:

The plaintiff excepts to the charge of His Honor—

1. In that His Honor charged the jury that, if Blake agreed to pay the mortgages, and gave Andrews the money to pay them, and Andrews did go and pay off the debts, the mortgages have been satisfied.

2. But if it was a distinct transaction between Andrews and Blake, by which Blake advanced money, $367.03, to Andrews, and to secure the payment of the money so advanced Andrews had the notes and mortgages assigned to Blake, it was not a payment and satisfaction of the mortgage, and your answer will be No.

3. To each and every one of the special instructions asked and given by the defendants. These three were the tenth, eleventh and twelfth exceptions.

The jury responded to the first issue, Yes.

The plaintiff moved for judgment, notwithstanding the verdict, on the ground that judgment having been taken against all other defendants except Flora A. Wicker, at October Term, 1889, and it appearing from the pleadings that she had conveyed the lot in fee-simple to W. N. Jones and J. M. Broughton on the __ day of ____, 1889, and before this action was commenced, she had no interest in the controversy, and the issue should not have been submitted to the jury. Motion denied, and plaintiff excepted. Thirteenth exception.

Rule for a new trial; rule denied. Judgment for defendants. Plaintiff appeals to the Supreme Court.

The judgment rendered against the defendants Broughton and Jones, at October Term, 1889, was, upon motion of counsel for Flora A. Wicker, vacated and annulled. There was a verdict and judgment thereon for the defendants, and plaintiff appealed.

*Mr. John Devereux, Jr.*, for plaintiffs.
*Mr. J. N. Holding*, for defendants.

DAVIS, J.: The first and second exceptions relate to the testimony elicited, upon cross-examination, in regard to the conversation of Mr. Montague with Mr. Jones. His Honor stated that it was only admitted on *cross-examination* as affecting the credibility or accuracy of the witness. No citation of authority is needed to show that it was competent for the purpose stated. Besides, the objection does not appear to have been taken to the *question*, but to the *answer*, and "it is not admissible for counsel to be quiet and allow the evidence to come out, and take advantage of it if favorable, and if not, ask that it be stricken out and not considered." *Wiggins* v. *Guthrie*, 101 N. C., 661, and cases cited; 1 Greenleaf Ev., §§ 459–461. The exceptions cannot be sustained.

The third and fourth exceptions relate to the testimony of D. H. Crawford. His Honor told the jury, as to this testimony, that Mr. Crawford's assent to the transfer of the notes was not necessary, as he had parted with his interest in the property, and the testimony objected to in the third exception, even if incompetent, and if the objection had been taken in time, was cured by this charge. *Bridgers* v. *Dill*, 97 N. C., 222.

As to the fourth exception, there was evidence tending to show that, prior to the alleged endorsement to the plaintiff, one W. N. Andrews had agreed to buy from Crawford (the witness) and his wife, for the defendant Flora Wicker, the property embraced in the mortgages, and pay off and discharge the mortgage debt. The defendant Broughton had testified, in substance, that the plaintiff Blake told him that he, plaintiff, had paid off the mortgages at the request of said Andrews, and that he still owed Andrews on the property purchased of him; that some time after that Andrews came to him and told him he wanted $300. He replied, "I don't owe you that much. I have paid off the mortgages, as you requested." That Andrews replied, he must have $300; to let him have it and he would make it all right with him; that he let him have $300, and told him that he, Andrews, would owe him a balance, and that he could not cancel those mortgages; that Andrews died still owing him a balance, and that was how he came in possession of the mortgages and did not cancel them.

The plaintiff Blake testified, in substance, that he never told Broughton that he had paid off the mortgages, but he told him he had given Andrews the money to pay them off. He says: "I never spoke to Montague. I owed Andrews some $500 or $600 at the time, and I let him have $367.03 to take up the mortgages. He went off and returned with these papers (notes and mortgages) endorsed to me; I understood he was going to pay the money and give me credit for the

money; he did not do that, but had the mortgages transferred to me and held me for the $500 or $600, and I paid it afterwards, and the notes secured by the mortgages have never been paid." Andrews, with whom this conversation was had, is dead, but the evidence was admitted without objection. Montague, the assignee of one of the notes and payee of the other, had testified, for the plaintiff, that he had no recollection about the matter, "except that Andrews settled," and, upon cross-examination, to what occurred between him and the defendant Jones. There was a conflict between the testimony of the defendant Broughton and the plaintiff Blake, in regard to the satisfaction of the mortgages. The witness Crawford was the obligor and mortgagor interested in having the notes paid before he executed the deed, free from incumbrance, to the defendant Wicker, and what Montague, the mortgagee and assignee, had told him, taken in connection with the evidence in regard to the agreement with Andrews to discharge the mortgage, made his testimony competent as corroborative, if not independent, evidence. At all events, the objection was to the answer and not to the question, and came too late, and there was no motion to withdraw it from the jury. *McRae* v. *Malloy*, 93 N. C., 154; *Wiggins* v. *Guthrie, supra.*

The fifth exception was to the admission of the deed from Andrews and others to the plaintiff Blake. This was the deed for the property for which Blake himself testified that he was to pay $1,750, from the proceeds of which, according to the testimony for the defendants, Blake was to pay, and did pay off and discharge, the incumbrance upon the land in controversy, and the plaintiff Blake himself had testified in regard to the deed and its contents, and this evidence was before the jury, without objection, and, if it was competent to admit its contents, which was without objection, we are unable to see why the deed itself was not competent. It certainly could work no harm to the appellant, for he had

produced the deed himself, and testified in regard to it, and the exception was properly overruled.

The sixth, seventh and eighth exceptions are to the charge of his Honor. He charged the jury, that "if Blake, for a valuable consideration, contracted with Andrews to pay the mortgages set out in the complaint, and, in pursuance of said contract, paid the mortgages and had them assigned to him, such assignment of the mortgages, or the debts therein described, would operate as a discharge." The appellant relies upon the fact that the mortgages were not discharged and entry of satisfaction made upon the record in the office of the Register of Deeds, as prescribed by *The Code*, § 1271. There was evidence tending to show that the mortgage debts had been discharged, and if so, though the mortgages were not marked "satisfied" on the Register's books, they were no longer operative. After their satisfaction, though not so marked on the record, they certainly could not be held as a security for money loaned or advanced, to the prejudice of a purchaser for value from the mortgagor or his assigns. Having been paid off and discharged, the want of cancellation could not have the effect to revive them and give them new life and vitality to defeat such a purchaser. *Walker* v. *Mebane*, 90 N. C., 259; *Ballard* v. *Williams*, 95 N. C., 126, and the cases cited therein. This disposes of the sixth, seventh and eighth exceptions.

The ninth exception could not possibly harm the plaintiff, as it was manifestly in his favor.

The tenth, eleventh and twelfth exceptions are but repetitions, and have already been disposed of.

The thirteenth exception is to the refusal of his Honor to give judgment for the plaintiff *non obstante veredicto*. By reference to the deed from the defendant Wicker to her co-defendants Broughton and Jones, it will be seen that she "covenants to and with the said parties of the second part (Broughton and Jones), and their heirs, that she is seized of

said premises in fee and has a right to convey the same in fee-simple; that the said premises are free from any incumbrance, and that she will warrant and defend the title made herein against all lawful claims." The defendant Flora A. Wicker, having been made a party defendant by the plaintiff, and having conveyed the land to her co-defendants, Broughton and Jones, with covenants of warranty, had a right to defend the title which she had so conveyed, and she was clearly entitled to the judgment given.

There is no error.                              Affirmed.