GRAVES v. CURRIE.

(Filed April 14, 1903.)

1. CHATTEL MORTGAGES—*Description.*

A chattel mortgage conveying "a thousand pounds of lint, good cotton, corn, fodder, etc ," "which I may make or have made this year on lands of my own or any land I shall cultivate" is sufficient to convey the corn raised during that year.

2. MORTGAGES—*Claim and Delivery—Estoppel—Judgments—Evidence.*

In replevin by a mortgagee for a safe, where defendant did not allege ownership of the safe, nor was there any testimony that he had purchased it from the mortgagor, a judgment for the mortgagee in a former suit between the mortgagee and mortgagor to recover the safe and other property covered by the mortgage, reciting that the cause came on to be heard on the admissions of the mortgagor, was conclusive against defendant's rights in the safe.

3. CLAIM AND DELIVERY—*Chattel Mortgages—Marshaling Assets—Judgments*

In replevin by a mortgagee for a safe, where defendant did not allege that he was the owner of the safe, or a purchaser for value from the mortgagor, he cannot avail himself, in defense, of the action of the mortgagee in partially releasing, to defendant's prejudice, a judgment obtained by the mortgagee against the mortgagor, sufficient to pay the claim for which the mortgage was given.

ACTION by G. C. Graves against A. C. Currie, heard by Judge *Thomas J. Shaw* and a jury, at April Term, 1902, of the Superior Court of MONTGOMERY County. From a judgment for the plaintiff, the defendant appealed.

*U. L. Spence* and *J. A. Spence,* for the plaintiff.
*Adams, Jerome & Armfield,* for the defendant.

CONNOR, J. This was an action for the recovery of one Mosler safe. The plaintiff alleged that he was the owner and entitled to the possession of the property by virtue of a mortgage executed by D. C. Blue on the 21st day of June,

1897, and registered in Montgomery County the domicile of the mortgagor, and that the said property was in the wrongful possession and unlawfully detained by the defendant. The defendant denied the material allegations set out in the complaint, and further alleged that the plaintiff had taken enough of other property mentioned in the mortgage to fully pay off and discharge the debt secured by the mortgage. The following issues were submitted to the jury:

1.  Is the plaintiff the owner and entitled to the possession of the Mosler safe as alleged in the complaint?

2.  Was the defendant in the possession of the same at the beginning of the action?

3.  What is the value of said safe?

The plaintiff put in evidence the mortgage referred to in the complaint. The property described therein is: "All the cotton, corn, fodder, shucks, potatoes, and feed of any kind which I may make or have made this year on the land of my own, etc., or any other land, and one six-horse wagon, one four-horse wagon, one two-horse wagon, one one-horse wagon and one Mosler safe:" this mortgage being given for the security of a note for $105, which was also put in evidence.

The defendant introduced a part of the judgment roll, duly certified, in an action heard and determined in the Superior Court of Moore County, in which the plaintiff herein was plaintiff and D. C. Blue was the defendant. He also introduced a certain chattel mortgage executed by D. C. Blue to the plaintiff, bearing date February 16, 1897, in which was conveyed "one thousand pounds of lint (good cotton), corn, fodder, shucks, potatoes and feed of any kind which I may make or have made this year on the lands of my own in Sandhill Township, Moore County, or any land I shall cultivate," etc. This mortgage was given for the purpose of securing four notes of $60 each and contains the following recital: "This mortgage is given as collateral security on three mort-

gages, heretofore given to said Graves, which are registered in the register's office of Moore County in Book 3." The defendant also introduced a chattel mortgage executed by D. C. Blue to the plaintiff, bearing date April 29, 1897, on the following property: "All the corn, cotton, fodder, shucks and potatoes and feed of any kind which I may make or have made this year on the lands of my own    *    *    *    and two large mules." Said mortgage was given to secure a note for $95.

The action brought by the plaintiff against Blue in Moore County was for the purpose of recovering the possession of all of the property described in the several mortgages, including the one in which the Mosler safe was conveyed. It appeared from the judgment that the total value of the property recovered in said action was assessed at $480, and the deterioration thereon was assessed at $55. At that time the total indebtedness secured by the said several mortgages was $462.50. The judgment recovered by the plaintiff against D. C. Blue and his sureties was compromised by the plaintiff for the sum of $370.

The plaintiff testified: "I brought an action in Moore Superior Court against D. C. Blue upon the mortgage sought to be foreclosed in this suit and other mortgages. I seized the crop under all my mortgages. The property described in the judgment in the case of *Graves v. Blue* embraced all the property covered by the $105 mortgage. When I received the money under the judgment, in the case of *Graves v. Blue,* I applied it to older mortgages. When I applied the amount received for the mules to the other mortgages I did not have any other security for this mortgage or the $95 mortgage, except cotton and corn. There was then due $95 and interest on that mortgage. There was $11.10 interest on it at the time, making a total of $106.10. I applied the money to the mortgages in the order they were given. I only received

about $370 under the judgment. I took $370 for the judgment, and this was paid in compromise by the sureties on the replevy bond in the case of *Graves v. Blue,* these sureties were solvent. I brought suit in the case of *Graves v. Blue* on all my mortgages, including the one sued on in this case. The way I applied the money left the mortgage now in controversy all due. The safe sued for in this action is embraced by the mortgage foreclosed in the case of *Graves v. Blue.* The crop raised by Blue in 1897 and the other property mentioned in the judgment in the case of *Graves v. Blue* was worth the amounts as found by the jury. The $240 mortgage was given as collateral, the three other mortgages and the value of corn and cotton realized in the said sale in Moore County, to the said three mortgages, and this did not discharge them in full." It was admitted that the value of the two mules described in the $95 mortgage was applied to the payment of other prior and valid mortgages upon said mules.

The defendant asked the court to charge the jury that the mortgage on the corn, in the mortgage conveying or purporting to convey 1,000 pounds of cotton, etc., was void as to the cotton and corn. The court refused to charge that the mortgage was void as to the corn, but held that it was void as to the cotton, and the defendant excepted.

It was agreed by counsel for the plaintiff and defendant that there was no conflict in the evidence, and that the evidence, if believed by the jury, raised only a question of law. The court instructed the jury that if they believed the evidence to answer the first two issues "Yes" and the third issue "$38," and the defendant excepted. The exceptions which were argued in this court were:

1. That the court erred in holding and charging the jury that the corn was conveyed in the mortgage from Blue to the plaintiff. We think that in doing so the court committed no error. We think that the language properly construed con-

veys all of the "corn which I may make or have made this year," etc., and is sufficient, the lands being pointed out upon which it was to be made.

That the court erred in instructing the jury that the recital of the judgment in the case of *Graves v. Blue* to the effect that the cause came on to be heard upon the admissions in the answer of the defendant amounted to an adjudication and that the mortgage on the corn was good and binding on the defendant in this action. It will be observed that the defendant does not allege ownership of the safe in controversy, nor is there any testimony tending to show that he had purchased it from the mortgagor. We think that as the case is presented to us his Honor properly held that the judgment in the case of *Graves v. Blue* was binding upon the defendant. If it had appeared that he was a purchaser for value prior to the rendition of the judgment he would not be affected thereby, but the burden was upon him to allege and show this fact. *Wallace v. Robeson,* 100 N. C., 206.

The defendant's counsel in this court contended that the plaintiff having recovered a judgment in the case of *Graves v. Blue* for an amount more than sufficient to pay the total mortgage indebtedness could not as against the defendant release any part thereof, and throw the burden of any balance of the mortgage indebtedness upon the safe in controversy. If it had been alleged and shown that the defendant had purchased the safe for a valuable consideration subsequent to the execution of the mortgage we think that this defense would have availed him. But there is no allegation of ownership, nor are there any facts set up in the answer upon which he could invoke the equitable relief to which he would be entitled if a purchaser for value. It is well settled that when one has a lien upon two funds and another a lien upon only one of them, the former will be compelled to exhaust the subject of his exclusive lien before he can be permitted to

resort to the other, and then only for the purpose of making up the deficiency. *Pope v. Harris,* 94 N. C., 62; *Butler v. Stainback,* 87 N. C., 216. "The status of the mortgage relation for the transfer of any interest by the mortgagor to a third party cannot be changed to the detriment of the latter without his consent." *Ballard v. Williams,* 95 N. C., 126. In *Large v. Vandorn,* 14 N. J. Eq., 208, it is said: "It is not in the power of the mortgagor to revive the lien for the former amount by refunding or returning the money paid to the prejudice of a *bona fide* incumbrancer whose incumbrance is subject to the mortgage but prior to the repayment."

This equitable right of a purchaser from a mortgagor is not based upon contract or upon any right against the mortgagee, but is afforded to a purchaser for value from the mortgagor to prevent a disturbance of the relation between himself and the subsequent purchaser from him.

In this case the defendant does not occupy this position. So far as the pleadings and testimony show, he has no right in or to the property, and hence is not in a position to invoke this equity. Upon the whole testimony the legal title to the safe is in the plaintiff, and no other title being in controversy in this action, he is entitled to recover the same. The judgment of the court below is

Affirmed.