Daniel, J.
 

 First; the possession of Wadsworth, the mortgagor, was not adverse to Mosely, the mortgagee. Mosely, therefore, had a right to convey, and he did convey to Fuller on the 23d of November, 1838. Fuller brought ejectment to January Term, 1839, of Lenoir County Court. The date of the demise in the declaration was on the 1st day of January, 1839, when Fuller had a title to the possession. The sheriff, however, returned on the declaration, that he had delivered a copy thereof to the defendant “ on the 31st day of December, 1838.” We think that, as the defendant, at January Sessions, 1839, (after the date of the demise) accepted a copy of this declaration, and entered into the common rule to confess the lease mentioned therein, &c. he was precluded from making any objection, on the score of the declaration being served on him by the sheriff before the date of the demise in the said declaration.
 

 Secondly; the mortgage money not having been paid at the day mentioned in the mortgage deed, the mortgagor was, thereafter, but a tenant at sufferance. In such a case, neither notice to quit nor a demand of the possession is necessary, before bringing ejectment.
 
 Patridge
 
 v
 
 Beers,
 
 5 Barn. &
 
 *265
 
 Ald. 604. Coote on mortgages, 326, 327. The mortgagor in such a case can sustain no injury for the want of a demand of the possession; for he need not defend. Then the judgment is only against the casual ejector; and if the mortgagor surrenders the possession on the service of the declaration, the plaintiff can recover neither damages nor the costs of the ejectment in an action for mesne profits. We are of opinion that the judgment must be affirmed.
 

 Per Curiam, Judgment affirmed.