*SAMUEL WITTKOWSKI and another v. CALVIN WATKINS and others.

*Ejectment—Evidence—Preparation of Issues.*

1. In an action to recover land it appeared that defendant had executed a mortgage to plaintiff with power to sell, and the land was sold there-

---

*Ashe, J., having been of counsel did not sit on the hearing of this case.

under, and bought by a third party who received a deed and afterwards reconveyed to plaintiff, and the defendant offered to show that said party acted in the purchase as agent of plaintiff; *Held*, that the evidence was immaterial, as the plaintiff is entitled to recover upon the strength of his title as mortgagee.

2.  The rule prescribed by the supreme court (80 N. C., 495) for the preparation of issues in the trial of causes, is merely directory.

CIVIL ACTION to recover land tried at Fall Term, 1880, of ANSON Superior Court, before *Avery, J.*

This was an action for the recovery of the possession of a tract of land, and to show title in themselves the plaintiffs alleged in their complaint, and proved on the trial, that on the 18th of December, 1872, Joseph W. Pond and his wife, the defendant Ellen C. Pond, conveyed the land to plaintiffs by mortgage in which there was a power of sale; and under which they sold the lands on the 27th of September, 1873, when one W. R. Jones became the purchaser, to whom a deed was made; and who reconveyed the same land to the plaintiffs by deed on the 30th of October, 1873.

The defendants in their answer, make a general denial of the title of the plaintiffs to the land in dispute, and their right to have possession of the same; and as a second defence, the defendant, Ellen C. Pond, denies that she voluntarily executed the mortgage to the plaintiffs; or that she ever acknowledged its execution before the judge of probate for registration, and she asks that both the deed and the certificate of probate may be cancelled.

The complaint was filed at spring term, 1876, and the answer at fall term, 1877; and when the case was called for trial at fall term, 1880, it did not appear that any issues had ever been prepared and submitted by the plaintiffs, but they proposed to do so then; to which the defendants objected and insisted that they could not be compelled to try until the issues had been agreed upon, or settled, as prescribed by the rule published by the supreme court. The presiding

judge allowed the plaintiffs to prepare and tender the issues they wished, and required the defendants to state their objections thereto, if any, and permitted them to tender such others as they wished to submit, which they did ; and the court then settled the issues to be tried, and directed the trial to be proceeded with, to which the defendants excepted.

In the course of the trial, the plaintiff, Samuel Wittkowski was introduced as a witness for the plaintiffs, and the defendant proposed to prove by him that at the sale by the mortgagees, on the 27th of September, 1873, Jones purchased the land for them and as their agent, and that the deed was made to him with the distinct understanding that he should reconvey the land to the mortgagees, the plaintiffs. This evidence was objected to by the plaintiffs upon the ground first, that no such defence as that sought to be proved was set up in the defendants' answer, and secondly, that it was immaterial, as the plaintiffs were entitled in any event to the possession under their mortgage, and His Honor concurring with the plaintiffs excluded the evidence and defendants excepted. Verdict and judgment for plaintiffs, appeal by defendants.

*Messrs. Burwell & Walker* and *Gilliam & Gatling*, for plaintiffs.

*Messrs. John D. Shaw* and *W. A. Guthrie*, for defendants.

RUFFIN, J. The position taken for the plaintiffs, in regard to the point of evidence raised cn the trial, cannot be questioned. They were so clearly entitled to recover the possession of the land in dispute, upon the strength of their legal title as mortgagees, even, if their sale to Jones and his reconveyance to them should be held to be invalid, as to make it perfectly useless to inquire into that matter. That may become of interest to the parties at some future day, but

could not possiby affect the issues involved in the present action, and therefore was correctly excluded upon the ground of its immateriality.

This leaves for consideration, only, the question of practice under the rule prescribed by this court for the preparation and settling the issues in causes to be tried in the superior courts. That rule, in substance, directs that at the term at which the pleadings in an action are completed, the plaintiff's attorney shall put in writing such issues as he may deem material and submit them to the defendant's attorney, who if he approve shall sign them, and they shall be treated as the issues for trial; but if he disapprove them, then he shall prepare such as he may deem material, and the whole shall be handed to the judge "who shall settle the *issues* and file them with the clerk, *to stand for trial at the next term.*" It was adopted, under the general supervisory power conferred on this court by the constitution, with a view to simplify, as much as possible, trials in the superior courts, but was never intended to be more than directory to those courts, and to parties to the actions to be tried therein. Notwithstanding the rule, the preparation of the issues in any case may be omitted to the moment of the trial; and we all know that such has been the general, if not the universal practice; and while its observance may most likely conduce to the orderly conduct of causes generally, it is, at last, a matter that must be in a great measure left to the judgment of the attorneys, and the sound discretion of the courts. Either party can, at any proper time, have the benefit of the rule, independent of the wish of the other, by simply calling the matter to the attention of the court and asking for its enforcement; and as it may be had, so it may be waived.

In the present action, the pleadings were made up at fall term, 1877, three years before it was called for trial, and neither party had, in all that time, moved in the matter of

settling the issues, or invoked the interference of the court. So that we think His Honor might fairly presume, as he did, that a compliance with the rule had been waived by mutual consent of the parties, both plaintiff and defendant.

If the defendants were surprised by any issue that was adopted, so as to be unprepared with their proofs, all they had to do was to ask for a continuance of the cause, and we cannot doubt that it would have been granted them. Indeed, from the particularity with which His Honor called on the defendants, as shown in the case, to state their objections, if any, to the issues proposed by the plaintiffs, we understand that he was using all possible care to avoid putting either party to any sort of disadvantage.

Instead, however, of asking for a continuance, or showing how they were in any wise inconvenienced by the action of the court, or of the opposing party, the defendants seemed to have looked upon the rule as strictly obligatory, and as entitling them, as a matter of law, to the next term after the issues were settled, before they could be required to try. In this we think they misapprehended the true intent of the rule and their rights under it, and therefore we hold there is no error in the rulings of His Honor.

No error.                                    Affirmed.