DIXIE GROCERY COMPANY, INCORPORATED, THE FEDERAL LAND BANK OF COLUMBIA, INCORPORATED, LIZZIE HARTSOE, D. P. HARTSOE AND O. M. HARTSOE, v. J. W. HOYLE, TRUSTEE AND MRS. D. E. SORRELLS, CESTUI QUE TRUST.

(Filed 25 January, 1933.)

1. **Mortgages G a—Statute relating to conclusive presumption of payment of mortgages after fifteen years is prospective in effect.**

   Our statute prescribing that mortgages and deeds of trust on lands securing the payment of money shall be conclusively presumed to have been paid as against creditors or purchasers for value after fifteen years from the date on which the last installment of the debt was due unless an affidavit is filed with the register of deeds showing the unpaid balance, etc., is prospective in effect, and the act, being passed in 1923, does not affect a mortgage securing a note dated 6 September, 1911, and maturing 8 September, 1911. Michie's N. C. Code of 1931, 2594(5).

2. **Limitation of Actions C a—Provisions that new promise must be signed by party to be charged does not apply to payment on debt.**

   The provisions of C. S., 416, that no acknowledgment or promise for the payment of a note will prevent the running of the statute of limitations unless the agreement be in writing and signed by the party to be charged, expressly exempts from its operation the effect of the payment of principal or interest on the note, and where the record shows that the interest on a mortgage note has been paid to within ten years of the institution of an action to restrain the foreclosure of the mortgage, the plea of the ten-year statute of limitations is bad, and the mortgagee is entitled to foreclosure, nothing else appearing. C. S., 437(3).

APPEAL by plaintiffs from *Schenck, J.,* at October Term, 1932, of LINCOLN. Affirmed.

This is a civil action instituted by plaintiffs to perpetually enjoin defendants from exercising the right to foreclose two certain deeds of

trust, set out in the record. A jury trial was waived, and it was heard by the court upon an agreed statement of facts.

The facts stated by defendants in their brief are substantially correct, and are as follows: "The two deeds of trust are in the usual form and almost identical except as to dates and amounts secured. Each conveys the same 109 acres of land, as security for the several notes under seal. The first deed of trust was executed by O. M. Hartsoe and D. P. Hartsoe and their wives, 6 September, 1911, to secure a note under seal for $500 due 8 September, 1911. The second deed of trust was executed by the same parties, 16 October, 1911, to secure a note under seal for $400, due 20 October, 1911. The two deeds of trust were executed to J. W. Hoyle, trustee for L. W. Hoyle, and the notes were, each, payable to L. W. Hoyle. It is admitted that L. W. Hoyle is dead and that his duly qualified administrator transferred and assigned the two notes to defendant, Mrs. D. E. Sorrells, who has since been the legal owner and holder of the notes. It is admitted that the annual interest has been paid on each of the two notes, by the makers, up to 20 October, 1929, and 7 October, 1929, respectively. The answer admits that on 8 December, 1922, D. P. and O. M. Hartsoe, who had previously held the 109 acres, conveyed as security for the payment of the Hoyle notes, made division of the land between themselves and that each executed division deeds to the other for the one-half of said land. On 11 April, 1923, thereafter, D. P. Hartsoe executed a deed of trust on his half to the First Carolina Joint Stock Land Bank of Columbia, which was foreclosed on 8 February, 1932, and the defendant, Dixie Grocery Company, was the purchaser and took deed therefor. On 31 August, 1929, O. M. Hartsoe executed a mortgage on his half to the Federal Land Bank of Columbia, to secure a loan of $1,000, which is still outstanding. It is admitted that neither the affidavit was registered, nor the marginal entries made on the record of the two deeds of trust, prior to the expiration of fifteen years from the maturity of the Hoyle notes, as provided for in C. S., 2594(5). All of the conveyances referred to above were duly registered."

After the defendant, Mrs. D. E. Sorrells, was made party defendant, the Federal Land Bank of Columbia filed an amended complaint. The Dixie Grocery Company and D. P. and O. M. Hartsoe adopted the amended complaint. The following is in the amended complaint: "The Federal Land Bank of Columbia, Incorporated, hereby pleads the statute of limitations in such cases made and provided for, to wit, section 437, subsection 3, and section 2589 of the Consolidated Statutes of North Carolina, respectively, in bar of any right to make such application,

order or direction to the said John W. Hoyle, trustee as aforesaid, or his successors in trust as the said defendant, Mrs. Dora E. Sorrells, her heirs, assigns, administrators, executors, agents, servants, representatives or attorneys, may claim."

On the record the following facts are admitted: "That the foregoing entries of payments (set out in the record) were, on 25 January, 1932, entered upon the record of said deed of trust in Book 108, page 5, in the office of the register of deeds of Lincoln County, together with the following additional entry: "The principal of $500, together with interest thereon from 20 October, 1929, to date, is now due and payable on the note secured by this deed of trust.' Signed: Mrs. D. E. Sorrells, assignee of M. H. Hoyle, administrator of L. W. Hoyle, deceased, witness: W. H. Boring, register of deeds. That the foregoing entries of payments (set out in the record) were on 20 January, 1932, entered upon the record of said deed of trust in Book 108, page 8, in the office of register of deeds of Lincoln County, together with the following additional entry: 'The principal of $400, together with interest thereon from 7 October, 1929, to date, is now due and payable on the note secured by this deed of trust.' Signed: Mrs. D. E. Sorrells, assignee of M. H. Hoyle, administrator of L. W. Hoyle, deceased; witness W. H. Boring, register of deeds."

Upon these facts, the court was of the opinion that the plaintiffs were not entitled to the relief sought, and further that the defendants were entitled to the relief demanded in their cross-action, and entered the judgment, as it appears in the record, from which plaintiffs made numerous exceptions and assignments of error and appealed to the Supreme Court.

*W. H. Childs and W. A. Denny for Federal Land Bank of Columbia, Incorporated.*

*Kemp P. Nixon for Dixie Grocery Company, Incorporated, D. P. Hartsoe and O. M. Hartsoe, plaintiffs.*

*S. M. Roper and A. L. Quickel for defendants.*

CLARKSON, J. The questions involved: Does the act of the General Assembly, Public Laws of 1923, chap. 192, sec. 1; N. C. Code, 1931 (Michie), sec. 2594(5), conclusively presume the payment of the two notes in question of date 6 September, 1911, maturity date 8 September, 1911; and the note dated 16 October, 1911, maturity date 20 October, 1911, when the holder of the said notes did not comply with the provisions of the aforesaid act prior to 25 January, 1932, being the date

agreed upon as the time when the marginal records in the office of the register of deeds, Lincoln County, North Carolina, showing the interest payment, etc., as set out in the agreed statement of facts in this case? We think not from the facts and circumstances of this case.

The pertinent part of the statute to be considered is sec. 2594(5) *supra,* which in part is as follows: "The conditions of every mortgage, deed of trust, or other instrument securing the payment of money shall be conclusively presumed to have been complied with or the debts secured thereby paid as against creditors or purchasers for a valuable consideration from the trustor, mortgagor, or grantor, from and after the expiration of fifteen years from the date when the conditions of such instrument by the terms thereof are due to have been complied with, or the maturity of the last installment of debt or interest secured thereby, unless the holder of the indebtedness secured by such instrument or party secured by any provision thereof shall file an affidavit with the register of deeds of the county where such instrument is registered, in which shall be specifically stated the amount of debt unpaid, which is secured by said instrument, or in what respect any other condition thereof shall not have been complied with," etc.

"The conclusive presumption of the payment of a debt secured by mortgage, etc., after fifteen years, as against creditors, or purchasers (Public Laws, 1923, chap. 192), is prospective in its effect. Constitution of U. S., Art. I, sec. 10." *Hicks v. Kearney,* 189 N. C., 316. *Corporation Commission v. R. R.,* 185 N. C., 435; *Andrews v. Masons,* 189 N. C., at p. 702; *Commissioners v. Blue,* 190 N. C., at p. 643; *Humphrey v. Stephens,* 191 N. C., at p. 105; *Overman v. Casualty Co.,* 193 N. C., at pp. 92-93.

The plaintiffs contend that the ten-year statute of limitations is applicable. We cannot so hold.

C. S., 437, within 10 years an action "(3) For the foreclosure of a mortgage, or deed in trust for creditors with a power of sale, of real property, where the mortgagor or grantor has been in possession of the property, within ten years after the forfeiture of the mortgage, or after the power of sale became absolute, *or within ten years after the last payment on the same.*" (Italics ours.)

In *Humphrey v. Stephens, supra,* citing numerous authorities, at pp. 104-5, we find: "If a mortgage is a mere incident to the debt which it is given to secure, it necessarily follows that it lives as long as the debt, and that it may be foreclosed so long as an action upon the debt is not barred by the statute of limitations. *Menzel v. Hinton,* 132 N. C., 660. . . . In *Hicks v. Kearney,* 189 N. C., 316, it is held: The conclusive presumption of the payment of a debt secured by mortgage, etc., after

fifteen years, as against creditors or purchasers (Public Laws, 1923, chap. 192) is prospective in its effect. Const. of U. S., Art. I, sec. 10; Const. of N. C., Art. I, sec. 17. It would seem that the Legislature, in passing the above statute, construed the decisions of this State as we do in this case, and have provided a method to quiet mortgages and liens of long standing. The mortgage follows the debt. The debt here is not barred nor is the mortgage."

C. S., 2589, is discussed in the *Humphrey case, supra.*

In *Roberson v. Matthews,* 200 N. C., at p. 245, speaking to the subject, we find: "Indeed, the trial judge instructed the jury that C. S., 2594, did not apply. This ruling was correct. *Hicks v. Kearney,* 189 N. C., 316, 127 S. E., 205. That decision declares the law to be that C. S., 2594, subsection 5, has no application to a mortgage given prior to the passage of that statute nor does it wipe out a valid debt existing at the time the statute took effect."

C. S., 416, is as follows: "No acknowledgment or promise is evidence of a new or continuing contract, from which the statute of limitations run, unless it is contained in some writing signed by the party to be charged thereby; *but this section does not alter the effect of any payment of principal or interest.*" (Italics ours.)

"It is true that it is well settled in this State that a payment by the principal on a note before the bar of the statute operates as a renewal of the debt as to himself and also as to the surety on the note." *Houser v. Fayssoux,* 168 N. C., at p. 3-4; *Dillard v. Mercantile Co.,* 190 N. C., 228.

In *Green v. Greensboro College,* 83 N. C., at p. 454, we find: "Upon a full and careful review, we are of opinion and so declare that the payments of interest on the note, before it was barred by lapse of time, arrested the operation of the statute as to all the makers, sureties as well as principal, and it commenced again to run only from the day when the last payment was made." *McDonald v. Dickson,* 87 N. C., at p. 406; *Wood v. Barber,* 90 N. C., at p. 80; *Moore v. Goodwin,* 109 N. C., 218; *LeDuc v. Butler,* 112 N. C., 461.

The record discloses that the annual interest has been paid on each of the two notes up to 20 October, 1929, and 7 October, 1929. N. C. Code, 1931 (Michie), sec. 2594(5), is not applicable to the facts and circumstances of this case. For the reasons given the judgment is

Affirmed.