This action was begun by the plaintiff, S. B. Parker Company, a judgment creditor of the defendant, East Carolina Motor Company, to restrain the sale of land conveyed by said defendant to its codefendants, the Commercial Bank of High Point, N.C. and the Central Trust Company of Charleston, W. Va., as trustees, to secure the payment of its note for the sum of $28,000, payable to bearer, and now owned by the defendant, the Union Mortgage and Investment Company. Default having been made in the payment of said note, the land conveyed by the deed of trust had been advertised for sale by the defendant trustees, under the power of sale contained in said deed, on 13 October, 1930.
The action was begun in the Superior Court of Craven County on 11 October, 1930, and thereafter, on motion of the plaintiff, Geo. H. Roberts was appointed by the court as receiver of the defendant, East Carolina Motor Company. The said receiver took possession of the land described in the deed of trust, and of the building located thereon, and under the orders of the court collected the rents for said land and building during the pendency of the action.
At May Term, 1932, of the Superior Court of Craven County, judgment was rendered in the action, by consent, that the defendant, the Union Mortgage and Investment Company, recover of the defendant, East Carolina Motor Company, on the note secured by the deed of trust, the sum of $12,000, with interest from the date of said judgment. It was ordered and decreed in said judgment that the land described in the deed of trust, together with the building located thereon, be sold by the commissioner appointed by the court for that purpose, and that the *Page 433 
proceeds of said sale, when the sale had been reported to and confirmed by the court, be applied to the payment (1) of the costs and expenses of the sale, and the unpaid costs of the action; (2) of the unpaid taxes on said land and building due to the city of New Bern, and the county of Craven; and (3) of the judgment in the action. It was further ordered that the remainder of the proceeds of said sale, if any, should be paid to the receiver of the defendant, East Carolina Motor Company.
Pursuant to the order and decree of the court, the commissioner appointed , sold the land described in the deed of trust, together with the building located thereon, on 5 September, 1932, to the Metropolitan Company, the last and highest bidder at said sale, in the sum of $12,000. This sale was duly reported to and confirmed by the court, and thereafter the commissioner conveyed the said land and building to the Metropolitan Realty Company, upon its compliance with its bid. After the payment of the costs and expenses of the sale, and the costs of the action, and of the unpaid taxes due the city of New Bern and the county of Craven, the commissioner paid the remainder of the proceeds of the sale, to wit: the sum of $3,200.59, on the judgment for $12,000, rendered in the action in favor of the defendant, the Union Mortgage and Investment Company and against the defendant, East Carolina Motor Company.
There is now in the hands of Geo. H. Roberts, receiver of the defendant, East Carolina Motor Company, the sum of $1,219.05, which sum is the balance of the amounts collected by him, during the pendency of the action, as rents for the land described in the deed of trust and for the building located thereon. These amounts were collected by said receiver under orders of the court. He has paid out of said amounts, under orders of the court, sums due for fire insurance premiums, and for repairs to the building, while the same was in his possession.
At October Term, 1932, of the Superior Court of Craven County, the motion of the defendants, other than East Carolina Motor Company, that the receiver be ordered to pay the said sum of $1,219.05 on the judgment rendered in this action at May Term, 1932, was heard by Judge Frizzelle and denied. It was ordered by the court that the receiver distribute said sum among the general creditors of the East Carolina Motor Company, whose claims had been filed and approved.
From this order, the defendant, the Union Mortgage and Investment Company appealed to the Supreme Court.
There was error in the order denying the motion of the defendant, the Union Mortgage and Investment Company, and directing the *Page 434 
receiver appointed by the court in the action to distribute the sum of money now in his hands and collected by him during the pendency of the action, as rents from the property conveyed to trustees by the defendant, East Carolina Motor Company, to secure its note recited in the deed of trust, among the general creditors of the East Carolina Motor Company.
Ordinarily, a mortgagee or creditor secured by a deed of trust, has no right to collect the rents or other income from property conveyed by the mortgage or deed of trust, even after default in the payment of the secured indebtedness. This right arises only after the mortgagee or trustee has taken possession of the property conveyed by the mortgage or deed of trust, by consent or pursuant to an order or decree of a court of competent jurisdiction; but, where, as in the instant case, a receiver appointed by the court in an action involving the right to foreclose the mortgage or deed of trust, has taken possession of the property and collected the rents or income from the property during the pendency of the action, under the orders of the court, such rents or income should be applied as a payment on the secured indebtedness, when the amount realized from the sale of the property is not sufficient to pay the indebtedness or the judgment for the same.
If the law were otherwise, a grave injustice to the creditor would result.
On the facts appearing on the record in this appeal, the rents collected by the receiver, should be applied as a payment on the judgment. The order to the contrary is
Reversed.