MARY W. KISTLER, TRUSTEE, ET AL., v. WILMINGTON DEVELOPMENT COMPANY ET AL.

(Filed 24 January, 1934.)

1. **Mortgages C d—Mortgagee is not ordinarily entitled to rents and profits until entry or institution of suit to foreclose.**

    Ordinarily the mortgagee is not entitled to rents from the mortgaged premises until entry is made or suit for foreclosure is begun, although as between the mortgagor and mortgagee equity may make the mortgage a charge upon the rents and profits when the mortgagor is insolvent and the security is inadequate.

2. **Same—Petition of mortgagee to be allowed to collect rents and profits held properly denied in this case.**

    Where a receiver has been appointed to take possession of all property and assets of an insolvent corporation, manage same and collect all rents and profits and preserve the assets for the benefit of creditors, and is given power to allow in his discretion the holders of mortgages against the property of the corporation to collect rents and profits from the specific land covered by their mortgages to the extent of delinquent interest, a petition filed in the Superior Court by one of the mortgagors to segregate rents and profits from the land covered by his mortgage for his benefit is properly denied where it appears that the mortgagee had failed to institute foreclosure proceedings although the mortgage debt was past due and it does not appear that he had requested leave of the receiver to make such collections and had been refused.

3. Mortgages H b — Equity may forbid foreclosure of mortgages on property of insolvent placed in receiver's hands for preservation of equities.

   Where in a judgment appointing a receiver for an insolvent corporation the facts found support the conclusion of the court that the corporation could not protect the property and pay claims of unsecured creditors, and that for the benefit of all parties it was necessary to protect assets and preserve equities and to prevent interference with the property by foreclosure, etc., the court's order prohibiting foreclosure suits except by leave of court will not be disturbed, it appearing that the order was governed by a sound and judicial discretion.

APPEAL by Ham Estates, Incorporated, from *Stack, J.,* at May Term, 1933, of GUILFORD. Affirmed.

The Wilmington Development Company, a corporation, issued certain shares of preferred stock, the payment of which to the holders thereof or the redemption of stock at par was on 1 January, 1927, guaranteed by five persons who are, or whose representatives are, parties defendant. In January, 1933, the plaintiffs brought suit against these and other defendants, including the Wilmington Development Company, to recover the sums due the respective holders of the preferred stock, to set aside certain transfers of property alleged to have been made fraudulently, and to appoint receivers for certain of the defendants.

On 2 February, 1933, R. W. Harrison and T. D. Dupuy were appointed permanent receivers of the Wilmington Development Company and were directed to possess and control all its property, assets, books, papers, and records. T. D. Dupuy was made permanent receiver of the assets of J. W. Brawley, one of the defendants. The receivers were directed within five months to file an itemized statement of the property and the encumbrances on it. All persons, firms, and corporations were enjoined from interfering with the property and assets in the hands of the receivers, and from bringing any action against the receivers and from foreclosing any mortgage or deed of trust on property held by the receivers, without leave of court first obtained. The receivers were authorized to continue the business of Brawley and of the Wilmington Development Company, if for the best interest of creditors, to collect rents, to pay for repairs, to settle unpaid taxes and premiums on insurance policies, etc., and in their discretion after an investigation in each case to permit any person holding a mortgage or deed of trust on any real property to collect the rents from such property to the extent of the overdue interest on such mortgage or deed of trust and apply the same on such overdue interest.

On 1 November, 1929, the Wilmington Development Company executed three promissory notes aggregating $33,160, payable 1 November, 1930, and secured their payment by a deed of trust to David J. White,

trustee, on property in the city of Wilmington. One of these notes in the amount of $17,160 was held by the Ham Estates, Incorporated. On the same property there was a prior deed of trust to the Massachusetts Mutual Life Insurance Company securing $55,000. The property was leased to Sears-Roebuck Company for a monthly rental of $800.

The Ham Estates, Incorporated, filed a petition in the cause on 14 February, 1933, alleging that it held the note for $17,600 referred to above and prayed the court to direct the receivers to segregate the income and rents of the property described in the deed of trust dated 1 November, 1929, and after the payment of expenses and prior charges on the property to apply the remainder pro rata to the payment of the interest and principal of the note held by the petitioner. The petition was denied and the petitioner excepted and appealed.

*Herbert S. Falk for appellant.*
*R. C. Kelly and Sapp & Sapp for appellees.*

ADAMS, J. The Ham Estates, Incorporated, holds one of three notes executed and delivered on the first day of November, 1929, to David J. White, trustee, by the Wilmington Development Company and secured by a deed of trust on real property situated in the city of Wilmington. On 2 February, 1933, this company went into the hands of receivers duly appointed by the Superior Court and on 14 February, 1933, the Ham Estates, Incorporated, filed its petition for the segregation of the income and rents of the property described in the deed of trust.

In the absence of a stipulation to the contrary a mortgagor of real property who is permitted to retain possession is entitled to the rents and profits. *Credle v. Ayers,* 126 N. C., 11. As between the mortgagor and the mortgagee equity makes the mortgage a charge upon the rents and profits when the mortgagor is insolvent and the security is inadequate (*Carr v. Dail,* 114 N. C., 284), but the prevailing rule is that a mortgagee is not entitled to rents until entry is made or a suit for foreclosure is begun. *Killebrew v. Hines,* 104 N. C., 182; *Parker Co. v. Bank,* 204 N. C., 432. In the latter case it was held that the mortgagee's right to collect the rents and income of mortgaged property arises only after the mortgagee or trustee has taken possession either by consent or by an order or decree of the court. There a receiver had been appointed in an action for the foreclosure of the mortgage and as the amount realized from a sale of the property was not sufficient to pay the mortgage debt the rents were properly applied in payment of the deficiency.

In the present case the facts are entirely different. The petitioner had the right to institute an action on 1 November, 1930, for the foreclosure

of the deed of trust by which its note was secured but it has never made entry or brought suit for this purpose and therefore is not entitled as a legal right to the segregation of the rents. Furthermore, it is expressly provided in the order of the court that the receivers of the Wilmington Development Company may in their discretion authorize any party holding a mortgage or deed of trust on real estate to collect the rent from such property and apply it in payment of overdue interest. It does not appear that the petitioner has requested leave to make such collection or that permission has been denied.

The appellant insists that the court may not refuse a foreclosure of the deed of trust securing its note when the company which executed the deed is in the hands of receivers. In the order appointing the receivers it is found that defendants in the action could not protect the property and pay the claims of unsecured creditors; and that for the benefit of all parties it was necessary to protect assets and preserve equities, to prevent interference with the property by foreclosure or by suits against the receivers except by leave of the court, to collect rents, to perform other prescribed duties, and to file an itemized and detailed list of the assets of the Development Company and the encumbrances thereon.

The facts found by the court justify the conclusion that its order was essential to the promotion of justice and to the protection of legal and equitable rights and that no other remedy was adequate to the attainment of these ends. In these circumstances the action of the court was apparently governed by a sound, judicial discretion with which the courts are reluctant to interfere. Judgment

Affirmed.