ORANGE COUNTY BUILDING & LOAN ASSOCIATION v. SOUTHGATE JONES AND WIFE, NANCY G. JONES.

(Filed 15 June, 1938.)

**Constitutional Law § 22: Limitation of Actions § 1: Mortgages § 36—**

 Ch. 529, Public Laws of 1933, providing a one-year limitation for actions for deficiency judgments after foreclosure, protects all substantial rights of the parties and its application *held* not unconstitutional as impairing the obligations of the contract.

APPEAL by plaintiff from *Bone, J.,* at October Term, 1937, of ORANGE. Affirmed.

COPLEY *v.* SCARLETT.

The plaintiff sued to recover a deficiency judgment upon a note secured by a mortgage deed upon certain land, after foreclosure. More than one year had elapsed after the mortgage sale, and the defendants pleaded the statute of limitations—chapter 529, Public Laws of 1933; Code 1935, sec. 437 (a).

From an adverse judgment, plaintiff appealed.

*L. J. Phipps and Bonner D. Sawyer for plaintiff, appellant.*
*J. S. Patterson and Brawley & Gant for defendants, appellees.*

PER CURIAM. The legal principles involved in this case are very thoroughly discussed in *Bateman v. Sterrett,* 201 N. C., 59, 159 S. E., 14, and in this case there is a full citation of authority which we think substantially covers the controverted principles of law in the present case. We have examined chapter 529, Public Laws of 1933—Code 1935, sec. 437 (a)—and find no constitutional difficulty in its application to the facts of this case. We think all the substantial rights of the parties have been sufficiently protected in the cited statute, and its application constitutes no impairment of the obligation of plaintiff's contract. Plaintiff, having set the statute in motion by its foreclosure sale, neglected to bring action upon the note within one year thereafter, and this action is therefore barred.

The judgment is
Affirmed.