ALBERT THOMAS AND WIFE, MRS. ALBERT THOMAS, v. GROVER C. MYERS AND EMMA DAVIS PATTON, EXECUTRIX OF WARREN T. DAVIS, TRUSTEE, DECEASED.

(Filed 22 September, 1948.)

**Mortgages § 30i (2): Quieting Title § 1—**

> Where a deed of trust is executed subsequent to the effective date of Chap. 192, Public Laws of 1923, and the note thereby secured falls due more than fifteen years prior to plaintiffs' purchase of the property, and no affidavit is filed or marginal entry is made on the record by the register of deeds as required by the statute, plaintiffs are entitled to have the deed of trust removed in so far as it constitutes a cloud on their title. G. S., 45-37 (5).

APPEAL by plaintiffs from *Alley, Emergency Judge,* at April Term, 1948, of MADISON.

This is a civil action instituted 30 April, 1946, by the plaintiffs to remove a cloud from their title, consisting of a deed of trust executed

24 December, 1925, securing a note of even date therewith, in the sum of $225.00, payable one year after date, which instrument is duly recorded in the office of the register of deeds of Madison County.

It is disclosed by the evidence offered in the trial below, that the plaintiff, Albert Thomas, for a valuable consideration, on 2 December, 1943, obtained a deed with full covenants and warranty to the premises upon which the above deed of trust purports to be a lien. This deed was duly recorded in Madison County 29 July, 1944. It also appears that no affidavit has ever been filed with the register of deeds of Madison County, or entry made on the margin of the record in his office, stating the amount still due on the note secured by the above deed of trust, as provided by G. S., 45-37 (5).

The defendant Myers offered evidence to the effect that he is the owner and holder of the deed of trust and note in question, that the note has not been paid in full and that payments have been made thereon within ten years from the date this action was instituted.

His Honor submitted issues to the jury to determine what balance, if any, is due on the note. The issues were answered in favor of the defendants. Accordingly the court entered judgment against the plaintiffs and appointed a commissioner to sell the lands described in the deed of trust. Plaintiffs appeal and assign error.

*Calvin R. Edney for plaintiffs.*
*Carl R. Stuart for defendants.*

DENNY, J. The plaintiffs except and assign as error the failure of the trial judge in his charge to the jury, to declare and explain the law arising upon the pleadings and the evidence relative to the conclusive presumption that the note secured by the above deed of trust has been paid as against creditors and purchasers for value, G. S., 45-37 (5). We think the exception is well taken and must be upheld.

The Public Laws of 1923, Chapter 192, now G. S., 45-37 (5), provides: "The conditions of every mortgage, deed of trust or other instrument securing the payment of money shall be conclusively presumed to have been complied with or the debts secured thereby paid as against creditors or purchasers for a valuable consideration . . . from and after the expiration of fifteen years from the date when the conditions of such instrument by the terms thereof are due to have been complied with, or the maturity of the last installment of debt or interest secured thereby, unless the holder of the indebtedness secured by such instrument or party secured by any provisions thereof shall file an affidavit with the register of deeds of the county where such instrument is registered, in which shall be specifically stated the amount of debt unpaid, which is secured

by said instrument, . . . whereupon the register of deeds shall record such affidavit and refer on the margin of the record of the instrument referred to therein the fact of the filing of such affidavit, and a reference to the book and page where it is recorded," etc.

It has been uniformly held by this Court that the above statute is prospective and does not apply to mortgages, deeds of trust or other instruments securing the payment of money which were executed prior to the enactment of the statute. *Hicks v. Kearney,* 189 N. C., 316, 127 S. E., 205; *Humphrey v. Stephens,* 191 N. C., 101, 131 S. E., 283; *Grocery Co. v. Hoyle,* 204 N. C., 109, 167 S. E., 469; *Smith v. Davis,* 228 N. C., 172, 45 S. E. (2d), 51.

Likewise, it is clearly held in *Smith v. Davis, supra,* that this statute was not enacted for the purpose of protecting parties who extend credit or purchase for a valuable consideration within the fifteen year period fixed by the statute, but only "from and after" its expiration.

The deed of trust involved herein was executed after the enactment of the above statute, and the note secured thereby fell due more than fifteen years prior to the date Albert Thomas obtained title to the property. Moreover, no affidavit was filed or marginal entry made on the record in the office of the register of deeds of Madison County, as required by law in order to preserve the lien of the deed of trust as against creditors and purchasers for value. Therefore, in view of the facts disclosed on the record before us, we hold the defendants are not entitled to recover anything from the plaintiffs. As to them the debt is conclusively presumed to have been paid. G. S., 45-37 (5). Consequently, the plaintiffs are entitled to have this deed of trust removed in so far as it may constitute a cloud on their title.

This cause is remanded for judgment in accord with this opinion.

Error and remanded.