MARTHA E. GREGG v. MILDRED B. WILLIAMSON, B. W. WILLIAMSON AND JOHN SAMUEL WILLIAMSON.

(Filed 7 June, 1957.)

**1. Mortgages § 17—**

Mortgagees take the legal title to the property only as security for payment of the debt.

**2. Same—**

After default, mortgagees are entitled to possession solely for the purpose of assuring payment of the debt or performance of the other conditions of the mortgage, and the estate of the mortgagees is a determinable fee terminating the instant the debt is paid or other condition of the mortgage performed.

**3. Mortgages § 30b—**

Upon the death of the mortgagee the right to exercise the power of sale passes to his personal representative and not his heirs. G.S. 45-4.

**4. Mortgages § 21—**

Where two of the three mortgagees assign the mortgage to the third mortgagee, the assignment transfers the debt only and does not pass any title to the land.

**5. Mortgages § 30b—**

Where there are three mortgagees named in the instrument, the power of sale can be exercised only by all of the surviving mortgagees, and, nothing else appearing, deed of one of the mortgagees can have no validity as a foreclosure deed even if it purports to be such.

**6. Mortgages § 25—**

Where a mortgagee conveys the legal title, the grantee is a mere trustee of the title conveyed, chargeable with a duty to both the owner of the equity and the owner of the debt secured by the instrument, and he has no authority *sua sponte* to sell or demand possession even upon default.

**7. Mortgages § 16—**

The mortgagor is the owner of the land subject to the debt and the right of foreclosure to satisfy same, and even after default, he is entitled to the rents and profits until the mortgagee takes possession, and may convey the equity of redemption.

**8. Limitation of Actions § 3—**

The General Assembly may make a statute of limitations applicable to pre-existing contractual obligations provided a reasonable time is allowed for the enforcement of such rights prior to the bar.

**9. Mortgages § 30i(2)—**

The 1945 amendment to G.S. 45-37(5) providing that the statute should apply to pre-existing mortgages, but allowing one year from the ratification of the Act during which the owners of the debts might proceed to foreclosure or make marginal entry on the instrument that the debt is still outstanding, is constitutional.

**10. Same: Appeal and Error § 4—**

The holder of the legal title as security for a debt has no right to demand possession or foreclose the instrument until requested to do so by a party secured, and therefore the trustee, in the absence of a showing of such request, is not the party aggrieved by, and may not appeal from, a judgment declaring that under G.S. 45-37(5) the right to possession and the right to foreclose were barred. G.S. 1-271.

JOHNSON, J., concurring.

APPEAL by plaintiff from *McKeithen, S. J.,* November 1956 Special Term of RICHMOND.

The complaint alleges that plaintiff is the owner of a lot in Hamlet which she specifically describes, that the defendants are also asserting title thereto, that plaintiff and defendants trace title to a common source, that plaintiff's chain of title which is detailed in the complaint is superior to defendants' chain of title which is likewise detailed in the complaint. She prays that she be adjudged the owner in fee simple, and the claim asserted by defendants be declared a cloud on her title.

Defendants answered, admitting that they claim title to the lands described in the complaint, basing their claim on the deeds referred to; that they purchased the property in good faith and for value; that plaintiff's claim is based on a mortgage conclusively presumed by G.S. 45-37(5), as amended in 1945, to have been paid prior to their purchase. They pray that they be adjudged the owners and plaintiff's claim adjudged a cloud on their title.

A jury trial was waived. The court found the following facts: On 16 August 1921, Minnie Mae Pate was the owner of the land in controversy. On that date she executed a mortgage in usual form conveying said lot to W. H. H. Bagwell, J. R. Gordon, and E. L. Sanford to secure an indebtedness of $800 payable in installments, the last of which became due 16 December 1928. The mortgage was duly recorded in December 1922. On 11 May 1923 Bagwell and Sanford made a marginal entry on the recorded mortgage reading: "For value received we hereby transfer and assign the within mortgage deed from N. J. Pate and wife, to J. R. Gordon without recourse." The mortgage has never been foreclosed. On 25 April 1925, J. R. Gordon individually executed a warranty deed in regular form to S. Alexander Gregg purporting to convey the lot in controversy. This deed was recorded 25 May 1926.

GREGG v. WILLIAMSON.

On 21 December 1927, S. Alexander Gregg executed a deed to plaintiff purporting to convey this lot. The deed to plaintiff was recorded 23 February 1927 (sic). On 3 June 1950, Minnie Mae Pate conveyed the land in controversy by regular warranty deed to Glyde M. Pate. The deed was recorded 7 June 1950. Revenue stamps on the record indicate the consideration was $1,000. On 4 May 1951, Glyde M. Pate and wife, by general warranty deed, conveyed the land to defendants who paid $1,500 therefor. The lot is unimproved. No one has actual possession. Taxes have been paid thereon by plaintiff and those under whom she claims and taxes have likewise been paid by defendants and those under whom they claim. No affidavit by the holder of any of the notes secured by the mortgage from Minnie Mae Pate to Bagwell, Gordon, and Sanford has ever been filed for record in Richmond County nor has any marginal entry ever been made on the record of said mortgage indicating that any part of the debt originally secured remains unpaid. Glyde M. Pate and defendants employed counsel to examine the title to the property before they made their respective purchases, and they were furnished by their counsel certificates that the property was free and clear of all encumbrances.

Based on his findings of fact, the court concluded as a matter of law that the notes secured by the mortgage of 16 August 1921 were, as to the defendants, presumed to have been paid and that the defendants had good title to the land. Thereupon judgment was entered adjudging the defendants the owners of the lands in controversy and directing the register of deeds to make marginal entry on the record of the mortgage from Minnie Mae Pate to Bagwell and others that it was canceled by the judgment rendered. Plaintiff excepted to the judgment and appealed.

*Sanford, Phillips, McCoy & Weaver for plaintiff appellant.*
*A. A. Reaves and Jones & Jones for defendant appellees.*

RODMAN, J. No exceptions are taken to the findings of fact. Indeed, they substantially conform with the allegations of the complaint. Do these findings suffice to support the judgment? Plaintiff insists that to apply G.S. 45-37(5), as amended in 1945, would impair the obligation of the Pate mortgage given in 1921, in violation of Art. I, sec. 10(1) of the Constitution of the United States. This assertion necessitates an understanding of the rights which plaintiff could assert without regard to the statute, what the statute does, and its effect, if any, on plaintiff's rights.

When Minnie Mae Pate executed her mortgage in August 1921 to W. H. H. Bagwell, J. R. Gordon, and E. L. Sanford to secure the payment of her note, the legal title to the land vested in the mortgagees, but

this title vested in them only as security for the payment of the debt. *Bank v. Lumber Co.*, 193 N.C. 757, 138 S.E. 125; *Stevens v. Turlington,* 186 N.C. 191, 119 S.E. 210; *Killebrew v. Hines,* 104 N.C. 182; *Fraser v. Bean,* 96 N.C. 327.

A mortgagee after default is entitled to possession of the mortgaged premises, and, to secure possession, may maintain an action against the mortgagor. *Bank v. Jones,* 211 N.C. 317, 190 S.E. 479; *Stevens v. Turlington, supra; Wittkowski v. Watkins,* 84 N.C. 456; *Hemphill v. Ross,* 66 N.C. 477; *Fuller v. Wadsworth,* 24 N.C. 263; 37 Am. Jur. 211. But mortgagee's right to possession is only for the better security of the debt owing to him. When he takes possession he becomes liable "to keep such premises in usual repair and to account for the rents and profits received, in a settlement of the mortgage debts." *Hemphill v. Ross, supra; Anderson v. Moore,* 233 N.C. 299, 63 S.E. 2d 641; *Morrison v. McLeod,* 37 N.C. 108. The rents with which a mortgagee or trustee in possession is chargeable are applicable as credits on the debt secured by the mortgage. *Mills v. Building & Loan Assn.,* 216 N.C. 664, 6 S.E. 2d 549; *Fleming v. Land Bank,* 215 N.C. 414, 2 S.E. 2d 3. A mortgagee has no right to possession except to assure payment of the debt or performance of other conditions of the mortgage.

The estate of a mortgagee is a determinable fee terminating the instant the debt is paid or other condition of the mortgage is performed. *Barbee v. Edwards,* 238 N.C. 215, 77 S.E. 2d 646; *Mfg. Co. v. Malloy,* 217 N.C. 666, 9 S.E. 2d 403; *Blake v. Broughton,* 107 N.C. 220.

Upon the death of the mortgagee the right to exercise the power and convey the land does not descend to his heirs but passes to his personal representative. G.S. 45-4. Transfer of a note secured by a mortgage does not pass title to the land nor the power of sale nor the right to cancel or release the mortgage. The assignment by Bagwell and Sanford to Gordon sufficed to transfer the debt only. It did not pass any title to the land. *Bank v. Sauls,* 183 N.C. 165, 110 S.E. 865; *Williams v. Teachey,* 85 N.C. 402.

The mortgage from Pate to Bagwell, Gordon, and Sanford created a joint tenancy. *Burton v. Cahill,* 192 N.C. 505, 135 S.E. 332; 48 C.J.S. 914; 59 C.J.S. 255; 14 Am. Jur. 79; G.S. 45-8. The power of sale given by the mortgage could only be exercised by all of the surviving mortgagees. *Combs v. Porter,* 231 N.C. 585, 58 S.E. 2d 100; *Cawfield v. Owens,* 129 N.C. 286. It is not alleged and there is no finding that any of the mortgagees are dead. Hence the deed from Gordon, one of the mortgagees, to plaintiff cannot have any validity as a foreclosure deed even if it purported to be such. We need not now determine if one of several mortgagees holding as joint tenants may terminate the joint estate and create a tenancy in common. Conceding that one of the joint tenants had the right to convey his interest in the land which was held merely

as security for the debt, his grantee becomes a mere trustee chargeable with a duty and responsibility to both the owner of the equity of redemption and the owner of the debt secured by the instrument.

The trustee must be impartial in the performance of his duties. He cannot exercise the power given to him to sell nor the title he holds in such manner as to give an unfair advantage to one to the detriment of the other. *Hatcher v. Williams*, 225 N.C. 112, 33 S.E. 2d 617; *Mills v. Building & Loan Association, supra; Council v. Land Bank,* 213 N.C. 329, 196 S.E. 483. If default exists, he has no authority *sua sponte* to sell or demand possession or otherwise proceed to collect the debt. He can only act when authorized by the creditor. *Monteith v. Welch,* 244 N.C. 415, 94 S.E. 2d 345; *Wynn v. Grant,* 166 N.C. 39, 81 S.E. 949.

Subject to the right of the creditor to have the mortgaged property used for the payment of the debt owing to him, the mortgagor is "considered as the owner of the land, with an estate therein which 'may be devised, granted or entailed with remainders' (*Lord Hardwicke*) and which is subject to . . . sale under execution." *Stevens v. Turlington, supra; McKinney v. Sutphin,* 196 N.C. 318, 145 S.E. 621; *Fraser v. Bean, supra.* He is not a mere tenant of the mortgagee who can be dispossessed after default by a summary proceeding in ejectment. *Culbreth v. Hall,* 159 N.C. 588, 75 S.E. 1096. Even after default a mortgagee who has not taken possession is not entitled to the rents and profits. *Kistler v. Development Co.,* 205 N.C. 755, 172 S.E. 413; *Parker Co. v. Bank,* 204 N.C. 432, 168 S.E. 681; *Collins v. Bass,* 198 N.C. 99, 150 S.E. 706.

We now inquire as to what the statute does.

The cloud created by paid but not released mortgages has called for repeated legislative action to facilitate the marketability of land so beclouded. Prior to 1870 a release executed by the mortgagee and duly recorded was necessary to clear the record. The Legislature of 1870-71, by the enactment of c. 217, now in substance G.S. 45-37(1), permitted the mortgagee to enter satisfaction of the mortgage on the recorded instrument. That of course necessitated a trip to the courthouse by the mortgagee or his representative. Twenty years elapsed before authority was given to the register of deeds to cancel upon presentation of the mortgage and notes. What is now G.S. 45-37(2) is in substance the provisions of c. 180, P.L. 1891. G.S. 45-37(3) is in substance the provision of c. 50, P.L. 1917.

The Legislature of 1923 deemed it necessary to make further provision with respect to old and uncancelled mortgages and to protect those who purchased long after the debt had matured. C. 192, P.L. 1923, furnished the basic provision of G.S. 45-37(5), by creating in favor of creditors and purchasers for value from a mortgagor a presumption of payment if the purchase was made more than fifteen years

after the last installment of the debt was due, unless the person secured by the mortgage filed the affidavit or made the marginal entry showing that the debt was alive.

The Act was first construed in *Hicks v. Kearney,* 189 N.C. 316, 127 S.E. 205. Defendant sought to apply the Act not only to a mortgage given prior to the enactment but to a purchase made prior thereto. It was there held that the statute was prospective in its operation and had no application to the facts of that case. The interpretation given to the Act, that it did not apply to mortgages antedating the ratification of that Act has been adhered to. *Humphrey v. Stephens,* 191 N.C. 101, 131 S.E. 383; *Roberson v. Matthews,* 200 N.C. 241, 156 S.E. 496; *Grocery Co. v. Hoyle,* 204 N.C. 109, 167 S.E. 469; *Thomas v. Myers,* 229 N.C. 234, 49 S.E. 2d 478. Likewise it has been held that that statute was not intended to and did not protect those who purchased within fifteen years from the maturity of the debt. *Smith v. Davis,* 228 N.C. 172, 45 S.E. 2d 51.

The Legislature of 1945 deemed it wise to make G.S. 45-37(5) apply to mortgages given prior to the 1923 statute. That the Legislature regarded the 1923 statute as in effect a statute of limitation is, we think, clear from the language of the 1945 statute. It provides that the 1923 Act shall apply to pre-existing mortgages but allows mortgagees one year from the ratification of that statute in which to exercise their rights. No violence is done to a contractual right by prescribing a period of time in which the right must be exercised, if a reasonable time is provided in which the right may be exercised. It is not suggested that a period of one year is unreasonably short. The 1945 statute in effect said to the owners of debts secured by subsisting mortgages or deeds of trust: (1) You may within one year proceed to collect your debt by foreclosing by judicial process or under power of sale, or (2) you may make marginal entry that your debt is alive and thus avoid the effect of the statute; if you fail to do either of these things in the time prescribed, any purchaser for value from the mortgagor can assert the presumption created against your right to proceed to his detriment. The power of the Legislature to prescribe a reasonable time in which a creditor may exercise his rights has been repeatedly recognized in our decisions. *Graves v. Howard,* 159 N.C. 594, 75 S.E. 998; *Building & Loan Assn. v. Jones,* 214 N.C. 30, 197 S.E. 618; *Strickland v. Draughan,* 91 N.C. 103.

The power of the Legislature to require recordation or rerecordation of mortgages to protect the mortgagor's right against claim of purchasers for value has been consistently recognized. *Vance v. Vance,* 108 U.S. 514, 27 L. Ed. 808, upheld the constitutionality of a Louisiana statute which required the registration of a mortgage in order to have validity as against creditors or purchasers from the mortgagor. Exist-

ing mortgagees were given less than a year in which to record their mortgages. The owner of a mortgage antedating the enactment asserted that as to him the application of the statute was unconstitutional as impairing the obligation of the contract. The Supreme Court of Louisiana rejected the contention. The Supreme Court of the United States affirmed. We think the language of *Mr. Justice Miller* appropriate to this case. He said: "We think that the law, in requiring of the owner of this tacit mortgage for the protection of innocent persons dealing with the obligor, to do this much to secure his own right, and protect those in ignorance of those rights, did not impair the obligation of the contract, since it gave ample time and opportunity to do what was required and what was eminently just to everybody. The authorities in support of this view are ample." *Conley v. Barton,* 260 U.S. 677, 67 L. Ed. 456; *Turner v. New York,* 168 U.S. 90, 42 L. Ed. 392; *Evans v. Finley,* 133 A.L.R. 1318 (Ore.); *Realty Corp. v. Kirtley,* 74 So. 2d 876 (Fla.); *Shanks v. Blaine's Heirs,* 206 P. 2d 978 (Okla.); *Hill v. Gregory,* 42 S.W. 408 (Ark.); *Rombotis v. Fink,* 201 P. 2d 588 (Cal.); Anno. 121 A.L.R. 909; Anno. 158 A.L.R. 1043; 45 Am. Jur. 437; 16A C.J.S. 63 *et seq.*

G.S. 45-37(5), as originally enacted and as amended in 1945, is of no moment or concern to the plaintiff. The statute applies only to the holder of the debt evidenced by the notes given by Mrs. Pate in 1921. Plaintiff does not claim to be the owner of those notes or assert any right thereto; at least no such claim is disclosed by this record. Plaintiff's right, as we have noted, to demand possession accrues only when the owner of the debt so directs. Having no interest in the debt and being without authority to act until requested so to do by a party secured, plaintiff is not a party aggrieved. The right to appeal is given only to a party aggrieved, G.S. 1-271. The appeal is

Dismissed.

JOHNSON, J., concurring: I concur in the result on the ground that the dismissal of plaintiff's appeal leaves the judgment below in force precisely as entered.

The findings and judgment below effectively and correctly dispose of all the issues raised by the pleadings. My vote is to uphold the proceedings below and affirm the judgment.